DONALD MARTIN, Adm'r of the Estates of Vicki Martin and Tammi Martin, *et al.*, Plaintiffs-Appellants, *v.* AMERICAN LEGION POST #784, Defendant-Appellee.

Fifth District    No. 77-135

Opinion filed November 16, 1978.

G. MORAN, J., dissenting.

Cornelius Thomas Ducey, Jr., of Ducey and Feder, Ltd., of Belleville, for appellants.

Jerold H. Goldenhersh, of Goldenhersh and Goldenhersh, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the trial court granting the motion for summary judgment of American Legion Post No. 784 and entering judgment in its favor in four consolidated cases brought under section 14 of article VI of the Liquor Control Act, commonly referred to as the Dramshop Act (Ill. Rev. Stat. 1971, ch. 43, par. 135).

The instant actions were brought by Donald Martin and Robert Hill as administrators of the estates of their respective daughters, Vicki and Tammi Martin, and Kelly and Sherri Hill. Plaintiffs sought to recover both for injury to their "property" and to their "means of support." We need only discuss the "means of support" issue here since this appeal has been confined to it.

All of the actions apparently arise from a collision which occurred on May 7, 1972, between an automobile driven by James A. Boyer and one driven by Vicki Martin and in which the other three girls were passengers. All of the girls died as a result of this collision. In the complaint contained in our record, it is alleged that the collision was caused by James Boyer's intoxication and that Mr. Boyer became intoxicated at the defendant's establishment where he was served alcoholic liquors.

The defendant Legion Post filed a motion for summary judgment. The motion was supported by affidavit and incorporated by reference the deposition of plaintiff Martin and plaintiffs' answers to interrogatories. The primary assertion of the motion was that, as a matter of law, the plaintiffs could not recover for any loss of means of support. Plaintiff Martin filed an affidavit in response to the motion, and the trial court thereafter entered judgment in defendant's favor.

On appeal it is contended that the trial court erred in granting the motion since a material issue of fact existed as to whether the decedents were a means of support to their respective families within the meaning of the Dramshop Act.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) provides that summary judgment is appropriate "* * * if the pleadings, depositions, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, summary judgment is proper when the issue is determinable solely as a question of law. (*Chisolm v. Stephens*, 47 Ill. App. 3d 999, 365 N.E.2d 80; *Sidwell v. Sidwell*, 28 Ill. App. 3d 580, 328 N.E.2d 595.) In making the determination whether there is a genuine issue as to any material fact, the court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Baier v. State Farm Insurance Co.*, 28 Ill. App. 3d 917, 329 N.E.2d 543; *Lumbermen's Mutual Casualty Co. v. Poths*, 104 Ill. App. 2d 80, 243 N.E.2d 40.) Where the facts admit of more than one conclusion, including a conclusion unfavorable to the party moving for summary judgment, such facts cannot support a motion for summary judgment. (*Dakovitz v. Arrow Road Construction Co.*, 26 Ill. App. 3d 56, 324 N.E.2d 444.) While plaintiff need not prove his case at this preliminary stage, he is required to present some factual basis that would arguably entitle him to a judgment under the applicable law. *Chisolm v. Stephens*; *Gehrman v. Zajac*, 34 Ill. App. 3d 164, 340 N.E.2d 184.

Section 14 of article VI of the Dramshop Act (Ill. Rev. Stat. 1971, ch. 43, par. 135) provides in pertinent part that:

> "An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person resulting as aforesaid."

■■ It is a well-settled rule of law that under the Dramshop Act "means of support" has been construed as requiring that the person injured did in fact render support and that no damage award can be based on a future potentiality of support not presently provable. (*Shiflett v. Madison*, 105 Ill. App. 2d 382, 245 N.E.2d 567; *Robertson v. White*, 11 Ill. App. 2d 177, 136 N.E.2d 550; *Lowrey v. Malkowski*, 23 Ill. App. 2d 371, 163 N.E.2d 528, *aff'd*, 20 Ill. 2d 280, 170 N.E.2d 147, *cert. denied*, 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029.) Thus, in *Robertson v. White*, the court affirmed the dismissal of an action for loss of "means of support" brought by the parent of a deceased four-year-old boy who had not been contributing to her support at the time of his death. The court found that to hold otherwise would be to award "damages based on a future potentiality of support not presently provable," a result not intended by the legislature.

The facts concerning the support which the instant decedents provided were clear and undisputed.

Tammi Martin, age 9, had never earned any money. She, however, had performed household duties, including washing, cleaning and cooking. Her sister, Vicki, age 16, had earned money babysitting. She customarily spent her babysitting money on clothes and other things for

herself; however, she would sometimes give some of the earnings to her mother. Prior to the time of the accident, Vicki had obtained a job at Twin Twist Creamery, Inc., with the understanding that she would turn over part of her wages to the family. She, however, had just begun the job, earning only $4.30, and had not made any payments to her parents prior to her death. Kelly Hill, age 2, and Sherri Hill, age 6, had never earned any money. As admitted in plaintiffs' answer to interrogatory No. 20, none of the children had provided any funds for the support of the plaintiffs.

■■ The facts admit of only one conclusion. The defendant was properly found to be entitled to summary judgment since none of these children provided support to the plaintiffs within the meaning of the Dramshop Act.

The facts with respect to Tammi Martin, Kelly Hill and Sherri Hill are indistinguishable from those present in *Robertson v. White*. None of these children were contributing to the support of their parents at the time of their deaths. They had never so contributed. They represented merely a "future potentiality of support not presently provable" (11 Ill. App. 2d 177, 181, 136 N.E.2d 550, 553); consequently, the defendant was entitled to judgments as a matter of law.

Plaintiff Martin argues that the allegation in his affidavit that his daughters performed household duties presented a question for the jury's consideration as to whether Tammi, as well as Vicki, was a means of support (*Weiner v. Trasatti*, 19 Ill. App. 3d 240, 311 N.E.2d 313). We cannot agree.

The *Weiner* case does not stand for the proposition that the performance of everyday, domestic chores is sufficient to maintain a "means of support" action under the Dramshop Act. Our research has failed to reveal authority for a proposition of such import. The trial court could and did properly find as a matter of law that the complaint with respect to Tammi was insufficient despite the allegation.

The only monetary contribution that Vicki Martin made to her parents was to turn over a portion of her babysitting money. Her agreement to donate part of her wages from the new job remained wholly executory, merely a "future potentiality of support." These facts are simply insufficient to support an award for the loss of "means of support." The amount of the donated babysitting money undoubtedly could not have exceeded the cost of meeting Vicki's own support expenses, and in no stretch of the imagination could these donations be reasonably equated with a means to supply the necessities or comforts of life to Vicki's parents.

Plaintiff Martin's last argument is that he has been injured in a "means of support" because various governmental benefits have either been reduced or revoked as a consequence of his children's deaths. We cannot agree.

Such benefits were not intended merely as a means of support for the plaintiff, but also as an aid in his providing for his family. All such programs are based on need; as the need decreases, so do the benefits. The instant reductions corresponded solely with the governmental entities' assessment of the extent of the decreased need of the Martin family. They cannot be viewed as an injury to a means of support to the plaintiff within the meaning of the Dramshop Act.

For the foregoing reasons the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WINELAND, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I respectfully dissent upon the rationale of my dissent in the case of *Stevens v. B. & L Package Liquors*, 66 Ill. App. 3d 120.