JACQUELINE WILBERTON, Adm'r of the Estate of Alonda Bell, Deceased, Plaintiff-Appellant, v. FREDDIE'S PEPPER BOX, INC., Defendant-Appellee.

First District (5th Division)   No. 85—2606

Opinion filed October 10, 1986.

Andrew A. Schneiderman, of Sternberg & Associates, P.C., of Chicago, for appellant.

James K. Joyce, of Heineke, Burke & Healy, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Jacqueline Wilberton, appeals from an order of the circuit court of Cook County granting summary judgment to defendant, Freddie's Pepper Box, Inc., as to plaintiff's dramshop claim in count I of her first amended complaint. For the reasons set forth below, we affirm.

The incident giving rise to plaintiff's action involved the fatal stabbing of her daughter, Alonda Bell, by her boyfriend, Jessie Hall. Hall had been served alcohol in the defendant tavern, became intoxicated and subsequently attacked and killed Bell. Plaintiff is the legal guardian of Bell's four minor children. At the time of Bell's death, she was unemployed and receiving public aid in the amount of $560 per month for herself and her children. This amount was reduced to $140 per month after Bell's death. At a hearing on defendant's motion for summary judgment as to plaintiff's dramshop claim in count I of her first amended complaint, the trial court determined that no genuine issue of material fact existed and granted defendant's motion.

■ We first observe that summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) In determining whether a genuine issue of material fact exists, the court must construe the pleadings, depositions, and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543, *aff'd* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100.) Where the facts admit of more than one conclusion, such facts cannot support a motion for summary judgment. *Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 383 N.E.2d 672.

■ Plaintiff's dramshop claim is based upon section 14 of the Liquor Control Act, commonly referred to as the Dramshop Act (the Act) (Ill. Rev. Stat. 1979, ch. 43, par. 135), which provides, in pertinent part, that "[a]n action shall lie for *injuries to means of support* caused by an intoxicated person." (Emphasis added.) She contends that as a result of her daughter's death she and her grandchildren suffered a loss of means of support. Specifically, she alleges that Bell's "services

and support" to her minor children consisted of preparing their meals, washing their clothes, shopping for their food and clothes, providing transportation to them, tutoring them with their school work, training and rearing them in their growth and development, and providing them with parental supervision. She further alleges that her daughter provided valuable services to her on a regular basis by preparing her meals, cleaning her apartment, nursing her when sick, providing transportation for shopping, paying bills and medical services, and performing valuable and essential repairs and maintenance to her apartment and property.

Plaintiff argues that the above services were of an occupational nature and therefore fall within the definition of a loss of means of support recoverable under section 14 of the Act. She further contends that since her daughter's death she has been compelled to provide the same "services and support" for the children, including their "ordinary nutritional, education, housing and general needs," and, as a result of the reduced public aid benefits to them, she has had to contribute a large percentage of her income to meet these responsibilities. She also alleges that she has had to replace the services and support to herself which she was accustomed to receiving from her daughter, or to do without them.

On the other hand, defendant contends that neither the services and support provided by decedent, nor the reduction in public aid benefits, are a loss of means of support as that term is used in the Act. Defendant argues that "means of support" relates to a party's wage-earning ability—not to a party's performance of maternal duties and domestic chores. We agree.

In *Stevens v. B & L Package Liquors, Inc.* (1978), 66 Ill. App. 3d 120, 383 N.E.2d 676, the plaintiff sought damages under the Act for the loss of domestic chores and services rendered by his 12-year-old daughter who was killed in an automobile accident caused by an intoxicated driver. In rejecting the plaintiff's claim, this court stated that the support referred to in the Act "is measured in such tangibles as the loss of wages and inability to continue earning a living, and not routine domestic chores and services." (66 Ill. App. 3d 120, 123, 383 N.E.2d 676.) We further noted that this interpretation was consistent with Illinois Pattern Jury Instruction, Civil, No. 150.14 (2d ed. 1971) which defines "means of support" as follows:

> "The phrase, 'means of support' includes the necessities of life, and comforts as well. Whatever lessens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, *considering his*

*occupation and capacity for earning money,* may be regarded as lessening or impairing the 'means of support' referred to in these instructions." (Emphasis added.)

Similarly, in *Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 383 N.E.2d 672, this court rejected the plaintiffs' claims for loss of means of support from their minor children who also were killed as a result of an automobile accident caused by an intoxicated driver. There, we noted that it is well established that under the Act "means of support" has been construed as requiring that the person injured did in fact render support. Admittedly, none of the children had ever provided funds for the support of their parents.

Plaintiff argues that the above cases are distinguishable from the present situation because those cases involved parents seeking injuries to their means of support as a result of the death of a dependent child who had in fact been a recipient of support from the family, rather than, as here, where claims for the "services" of an adult to a child or to another adult are being sought. Plaintiff also contends that "means of support" includes *contribution of services* as a resource from which the necessities and comforts of life are or may be supplied. She relies on *Weiner v. Trasatti* (1974), 19 Ill. App. 3d 240, 311 N.E.2d 313. There, the plaintiff's decedent wife, although employed, also worked with her husband in the family's delicatessen. In holding that the plaintiff suffered a loss to means of support as a result of his wife's death, the court stated that "[t]he capacity for providing means of support may be shown by *proof of earnings and contribution of services and income.*" (Emphasis added.) (19 Ill. App. 3d 240, 246, 311 N.E.2d 313.) Finally, plaintiff characterizes her daughter's services and support as *occupational* in nature for which a ready market existed.

First, we find plaintiff's argument that her situation is distinguishable from those discussed above is without merit. The issue here is not the status of the party who is seeking a loss of means of support, but rather whether an injured party was a means of support to the party seeking damages. Secondly, plaintiff's reliance on *Weiner* is misplaced. In *Stevens v. B & L Package Liquors, Inc.* (1978), 66 Ill. App. 3d 120, 124, 383 N.E.2d 676, we emphasized that although the *Weiner* court "alluded to the contribution of domestic services as being a component of the means of support, it was clearly dicta and not controlling." Similarly, in *Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 119, 383 N.E.2d 672, we held that "[t]he *Weiner* case does not stand for the proposition that the performance of everyday, domestic chores is sufficient to maintain a 'means of support' action under the Dramshop Act"; the fact that the *Weiner* decedent was a wage earner

was the critical element upon which the court based its judgment.

Finally, we find no merit in plaintiff's contention that her daughter's "services and support" to her children and to herself were occupational in nature. Plaintiff relies on *Meidel v. Anthis* (1874), 71 Ill. 241, *overruled on other grounds, Lowry v. Coster* (1878), 91 Ill. 182, where the wife of a farmer sought damages from a seller of intoxicating beverages consumed by her husband resulting in an accident in which he broke his leg and was unable to cultivate his fields. The court held that, although the plaintiff's husband was not an ordinary laborer dependent upon wages to support himself and his family, the proceeds of his labor were the only means of support of the plaintiff and, thus, his capacity to cultivate his land which was his avocation constituted damage to the plaintiff's means of support. In the present case, we cannot equate plaintiff's laudable "avocation" as a mother and helpful daughter with that of the *Meidel* farmer—there simply were no proceeds from her avocation or labor which supported her children or plaintiff. Plaintiff's daughter unfortunately was an unemployed mother supported by public aid and, on occasion, by her mother.

We must also reject plaintiff's argument that the reduction of government benefits is an injury to means of support within the meaning of the Act. In *Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 383 N.E.2d 672, this court rejected a similar contention. There, the plaintiff's government benefits were reduced as a result of the death of his two children. In holding that this reduction did not constitute an injury to the plaintiff's means of support, we stated:

> "Such benefits were not intended merely as a means of support for the plaintiff, but also as an aid in his providing for his family. *** The instant reductions corresponded solely with the governmental entities' assessment of the extent of the decreased need of the Martin family. They cannot be viewed as an injury to a means of support to the plaintiff within the meaning of the Dramshop Act." 66 Ill. App. 3d 116, 120, 383 N.E.2d 672.

Plaintiff contends that *Martin* is distinguishable from the present case because here the reduced public aid to the children is based upon the fact that she has an income, not because the children's needs have changed. Plaintiff fails to take into consideration the obvious, that a portion of the benefits previously received included support for her decedent daughter and for rental of a home in which to live. Those needs have changed with the death of her daughter. In any event, the method used by the governmental agency in assessing the needs of the children is not a matter for this court.

Finally, we believe the liberal construction plaintiff urges us to ap-

ply to "means of support" to include decedent's alleged "occupational services and support" would expand the remedy of the statute far beyond the legislature's intent. "When a statute is amended after judicial opinions construing it have been published, the legislature is presumed to have acted with knowledge of those opinions." (*Leischner v. Daniel's Restaurant, Inc.* (1977), 54 Ill. App. 3d 568, 570, 370 N.E.2d 157.) Section 14 of the Act has been amended numerous times since 1874 (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 80, 174 N.E.2d 157) and as recently as June 1985. To date the legislature has not seen fit to include maternal care of children, domestic services or governmental benefits as resources constituting means of support.

In conclusion, since plaintiff has failed to demonstrate that she or the children lost any means of support, we find that the trial court properly determined that no genuine issue of material fact existed and that defendant was entitled to judgment as a matter of law as to count I of plaintiff's first amended complaint. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.