173 Ill. App.3d 218 (1988)
527 N.E.2d 474
In re MARRIAGE OF THERESE M. HALAS, Petitioner-Appellant, and GEORGE S. HALAS, JR., Respondent-Appellee.  THERESE M. HALAS, Petitioner-Appellant,
v.
A. GERSON MILLER, Ex'r of the Estate of George S. Halas, Jr., Decedent, et al., Respondents-Appellees.
No. 87-2059.
Illinois Appellate Court  First District (1st Division).
Opinion filed July 18, 1988.
*219 William J. Harte, Ltd., of Chicago (William J. Harte and David J. Walker, of counsel), for appellant.
*220 Neal, Gerber, Eisenberg & Lurie, of Chicago (Marshall E. Eisenberg and Stephen Fedo, of counsel), for appellee.
Judgment affirmed.
JUSTICE QUINLAN delivered the opinion of the court:
On March 10, 1981, the petitioner, Therese M. Halas, brought a petition to vacate and modify a consent decree and property settlement agreement regarding the dissolution of her marriage to George S. Halas, Jr., now deceased. (See Ill. Rev. Stat. 1985, ch. 110, par. 2-1401 (formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72)).) The original consent decree for dissolution was entered in the circuit court of Cook County on January 17, 1975. The respondent to the petition, A. Gerson Miller, executor of the estate of George Halas, Jr., moved for summary judgment and the trial court granted that motion. Petitioner now appeals.
Petitioner and George Halas, Jr., were married on April 20, 1963, and had two children, Christine and Steven. Petitioner, represented by counsel, filed for divorce on January 4, 1974, and on January 17, 1975, the marriage was dissolved pursuant to a consent decree. The consent decree incorporated a negotiated settlement agreement between the parties. This agreement was based on financial information from the decedent, which had not been obtained through formal discovery procedures, but consisted of a 1972 IRS valuation of the stock of the Chicago Bears, a list of assets handwritten by the respondent, and other oral representations made to the petitioner by the decedent regarding his net worth. Pursuant to the agreement, which was entered by the court on the consent of both parties, petitioner received certain sums of money for herself and her children.
Petitioner's attorney in the divorce proceeding had advised her not to rely on the representations and the figures provided to her by the decedent, because, he told her, they were incomplete and most likely inaccurate. Petitioner's attorney then advised her not to enter into the agreement for these reasons. Nevertheless, petitioner voluntarily signed the agreement without requesting additional information which could have been obtained through discovery, because she said she wanted to end the matter quickly, she was not concerned with the money aspect of the divorce, she was in poor health, and she did not want financial information concerning her husband and the Chicago Bears football club to become public. After the divorce and entry of the agreement, the decedent subsequently remarried and in December 1979, he died.
After her ex-husband's death, petitioner filed a petition to vacate and modify the terms of the settlement agreement. (See Ill. Rev. *221 Stat. 1985, ch. 110, par. 2-1401.) The petition was based on the asserted fraudulent misrepresentations of the decedent concerning his true net worth when the settlement agreement was negotiated.
The trial court, on respondent's motion, dismissed the petition without leave to amend. Petitioner appealed the trial court's ruling on this issue and on certain other issues as well to the appellate court. On appeal, the appellate court affirmed the dismissal of the petition for lack of allegations of fact, but reversed the trial court's denial of leave to amend and remanded the case with directions to allow the petitioner to amend her petition. (Halas v. Executor of Estate of Halas (1983), 112 Ill. App.3d 940, 445 N.E.2d 1264.) Although an appeal was taken, the Illinois Supreme Court did not address the issue concerning denial of leave to amend or the propriety of the petition itself. In re Support of Halas (1984), 104 Ill.2d 83, 470 N.E.2d 960.
Thereafter, petitioner filed her amended petition on October 10, 1985, and respondent then moved for summary judgment, relying on petitioner's original deposition. The trial court granted summary judgment in favor of the respondent, finding that petitioner had not shown due diligence in filing the petition, that the petitioner had not shown due diligence in discovering the information she alleged had been fraudulently withheld, and, furthermore, that she was not denied any discovery which she had requested. Petitioner now appeals the trial court's grant of summary judgment to respondent.
On appeal, petitioner contends that the trial court erred when it granted respondent's motion for summary judgment filed under section 2-1005. (Ill. Rev. Stat. 1985, ch. 110, par. 2-1005.) Petitioner argues that there are many disputed issues of material fact in this case and that, therefore, the trial court's grant of summary judgment was in error. Petitioner asserts that the decedent fraudulently misrepresented his net worth, that he fraudulently concealed the facts by which she could and would have discovered the misrepresentations, and that these actions prevented her from filing her petition sooner. She relies on the affidavit of Gordon Cadwagan, an expert economist, who attested that the fair market value of the Chicago Bears in 1974 was vastly more than the IRS value used for purposes of the settlement agreement. She also claims that after decedent's death, she found that decedent was actually worth more than what he had represented to her before the divorce was finalized. She concludes that because the information she was given was deliberately false, an inference of fraud can be drawn and that inference of fraud creates an issue to go before a trier of fact, and, thus, summary judgment was improper. Additionally, she argues that since the burden on a motion *222 for summary judgment is on the moving party, in this case the respondent, that any inferences must be resolved in her favor. Petitioner further claims that she presented sufficient evidence to overcome respondent's motion for summary judgment.
Petitioner asserts specifically that a disputed fact question exists as to whether she exercised due diligence in pursuing her claim or discovering the fraud. She argues it would be inappropriate to hold her to the strict due diligence standard since her health was poor and since she had no reason, at that time, to doubt those assertions, and that extensive litigation in this case would have greatly hindered her health. Moreover, she argues that the due diligence requirement should, therefore, at least be submitted to the trier of fact, and, she also argues, alternatively, that the due diligence requirement should be excused here for equitable reasons. Accordingly, petitioner concludes that the trial court erred when it granted respondent's motion for summary judgment.
Respondent, on the contrary, argues that the trial court properly granted summary judgment because there was no genuine issue of material fact and the petitioner was unable to present any evidence to satisfy the necessary elements of fraudulent concealment and due diligence. Respondent claims that the petitioner's reliance on alleged disputed questions of fact as to the merits of her claim for fraud is misplaced, for if she cannot establish, by some evidence, that decedent fraudulently concealed facts as to his true net worth, or that she used due diligence to discover the alleged fraud, then her claim for relief under section 2-1401 must be barred. Respondent also relies on the fact that it is undisputed that although petitioner was represented by counsel at all times, she chose not to pursue formal discovery in the initial divorce proceedings against the advice of her attorney and she voluntarily agreed to the terms of the settlement agreement, despite the recommendation of her attorney to the contrary. Furthermore, petitioner was merely required, in response to the summary judgment motion, to present some evidence to support the required elements of her petition, and here she failed to present any evidence. (See Martin v. 1727 Corp. (1983), 120 Ill. App.3d 733, 458 N.E.2d 990.) The respondent concludes that, under such circumstances, the trial court properly granted summary judgment in favor of respondent.
 1 The issue presented by petitioner on appeal is whether the trial court erred when it entered summary judgment in favor of respondent on petitioner's petition to vacate and modify certain terms of her settlement agreement; hence, we must first examine what is required on a motion for summary judgment. Section 2-1005 of the *223 Code of Civil Procedure governs motions for summary judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2-1005.) A motion for summary judgment will be granted if no genuine issue of material fact exists and the moving party, as a matter of law, is entitled to relief. (Carruthers v. B.C. Christopher & Co. (1974), 57 Ill.2d 376, 313 N.E.2d 457.) In determining whether a moving party is entitled to summary judgment, the court will construe the evidence presented strictly against the movant and liberally in favor of the opponent. (Kolakowski v. Voris (1980), 83 Ill.2d 388, 398, 415 N.E.2d 397, 402.) While the opponent to a motion for summary judgment is not required to prove her case, the opponent to the motion must present some factual basis to support the elements of her claim or defense to avoid the entry of a judgment against her. (Martin v. 1727 Corp. (1983), 120 Ill. App.3d 733, 458 N.E.2d 990.) Where the facts support more than one inference, however, those facts cannot support a motion for summary judgment. Wilberton v. Freddie's Pepper Box, Inc. (1986), 148 Ill. App.3d 319, 320, 499 N.E.2d 615, 616.
 2 Respondent here moved for summary judgment on petitioner's claim for relief under section 2-1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401), which provides a procedure to obtain relief from final judgments entered more than 30 days prior. The purpose of section 2-1401 is to bring before the trial court matters of record which, if known to the court at the time judgment was rendered, would have prevented its rendition, and, further, it is not the purpose of section 2-1401 to provide litigants with a fresh opportunity to do that which should have been done in the prior proceeding. (Aroonsakal v. Flanagan (1987), 155 Ill. App.3d 223, 226-27, 507 N.E.2d 1, 4, appeal denied (1987), 116 Ill.2d 547.) Consistent with the strong judicial policy favoring finality of judgments, our courts have held that a section 2-1401 petition is not to be used as a device to relitigate issues already decided or to put in issue matters which have previously been or could have been adjudicated. Malek v. Lederle Laboratories (1987), 152 Ill. App.3d 493, 497, 504 N.E.2d 893, 895, appeal denied (1987), 116 Ill.2d 561.
 3 Under section 2-1401, a litigant has two years within which to file for relief, unless the grounds for relief are fraudulently concealed from the petitioner. (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401(c).) Whether a section 2-1401 petition should be granted lies within the sound discretion of the trial court. (Smith v. Airoom, Inc. (1986), 114 Ill.2d 209, 221, 499 N.E.2d 1381, 1386.) The elements required to establish a section 2-1401 claim for relief are: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting *224 the claim or defense to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. (Airoom, 114 Ill.2d at 221, 499 N.E.2d at 1386.) Additionally, if the petition is filed more than two years after the initial judgment was entered, petitioner must also present evidence of fraudulent concealment, which consists of affirmative acts designed to prevent the discovery of a cause of action or ground for relief. (See Halas, 112 Ill. App.3d at 950, 445 N.E.2d at 1271.) Silence alone will not constitute fraudulent concealment (Halas, 112 Ill. App.3d at 950, 445 N.E.2d at 1271), and the issue of fraudulent concealment is necessarily analyzed in the context of the due diligence requirement (Malek, 152 Ill. App.3d at 498, 504 N.E.2d at 896).
 4 Due diligence requires that petitioner have a reasonable excuse for failing to act within the appropriate time, i.e., that she reasonably failed to act, and not that she merely acted negligently. (Airoom, 114 Ill.2d at 220, 499 N.E.2d at 1386.) In determining reasonableness, all of the circumstances must be examined, including the conduct of the litigants and their attorneys, at the time of the entry of the original judgment. (Airoom, 114 Ill.2d at 220, 499 N.E.2d at 1386.) In certain limited circumstances, the due diligence requirement may be waived if the result is unfair, unjust or unconscionable. See Airoom, 114 Ill.2d at 225, 499 N.E.2d at 1388.
 5, 6 The trial court here found that no genuine issue of fact existed as to petitioner's lack of diligence. In order to overcome the motion for summary judgment, petitioner had to present some evidence that: (1) decedent fraudulently concealed the facts which would have shown misrepresentations as to decedent's true net worth; (2) she has a meritorious claim for fraud as to decedent's misrepresentations concerning his net worth; (3) she was diligent in her attempt to pursue her claim of alleged fraud at the time the settlement agreement was negotiated and signed; and (4) she was diligent in pursuing her section 2-1401 petition. Additionally, if she could establish, by way of evidence, a dispute of material fact, she could avoid the entry of summary judgment for respondent.
Here, petitioner did not establish a genuine issue of material fact, nor was she able to present some evidence as to each of the required elements. Although petitioner claims the motion for summary judgment was premature, she gives no reason why this is so, nor does she claim that she requested any information through discovery which she did not receive. (Ill. Rev. Stat. 1985, ch. 110, par. 2-1005 (specifically provides that a defendant may move for summary judgment at "any time").) Further, there is no evidence that a Rule 191(b) affidavit was *225 filed asserting that any information had been withheld from her. See 107 Ill.2d R. 191(b).
Although petitioner claims there was a dispute of material fact here as to her diligence, due diligence is not a question of fact but a question of law to be determined by the court. In this case, there was no dispute over the facts upon which the finding of lack of diligence was based. The petitioner presented no evidence at all concerning due diligence or fraudulent concealment. Indeed the evidence, as presented through her own deposition, established that she was aware of potential inaccuracies in the representations of the decedent concerning his net worth as early as December 1974, when her own attorney told her that decedent's handwritten list of assets was incomplete and inaccurate. Her attorney also told her that IRS valuations of stock were always low, and that there were numerous other methods to value stock which were more accurate. Despite this, no formal discovery was taken, because, as the petitioner said, she wanted to get the matter over with, she was in poor health, and she was not concerned about the money. In petitioner's own words, "I can recall my attorney telling me, quote, if you are going to rely on this man's word when you are divorcing him, you are a goddam fool."
This situation can be compared to the situation in Malek v. Lederle Laboratories (1987), 152 Ill. App.3d 493, 504 N.E.2d 893, in which the only issue was due diligence at the time the original judgment was entered. Petitioner claimed that the defendant-respondent had fraudulently withheld documents during the discovery process. This court found that because the record was void of any evidence to show that the defendant attempted to mislead the plaintiff or to affirmatively conceal any of the information sought, there was no evidence of fraud. Furthermore, the court held that the petitioner's failure to request more than the limited documentary evidence offered by the defendant, and his failure to request the court to order the defendant to comply with his original discovery request, established lack of due diligence on the part of the petitioner. (Malek, 152 Ill. App.3d 493, 504 N.E.2d 893.) Similarly, here, the record is void of any evidence that petitioner requested any information whatsoever through discovery, and in fact, admittedly failed to seek any information at all. Thus, she cannot now claim, under these circumstances, that decedent affirmatively concealed information from her.
Moreover, the section 2-1401 petition here was not filed until six years after the agreement was entered and well after her own attorney told her of these possible inaccuracies. Hence, the petitioner knew of the potential misrepresentations six years before she filed her petition. *226 The purpose of a section 2-1401 petition is not to retry a case, and it seems clear that petitioner is attempting to do exactly that, more than six years later. As we recently stated in the Malek case:
"`Prompt disposition of litigation already backlogged many years on our crowded court calendars compels the exercise of restraint in granting new trials in cases where available facts could have been discovered by diligent investigation. That which would best serve the interests of the dilatory party is not the only factor to be considered.'" Malek, 152 Ill. App.3d at 502, 504 N.E.2d at 899, quoting Petrauskas v. Motejunas (1971), 133 Ill. App.2d 293, 296-97, 272 N.E.2d 805, 808.
In sum, the record does not contain any evidence as to fraudulent concealment, or due diligence in pursuing her claim for fraud, nor does it contain any evidence of due diligence in filing her section 2-1401 petition. As stated above, the facts are undisputed. The petitioner here was represented by competent counsel at all times, was fully advised of the consequences of her decision to accept the settlement, and nevertheless, she accepted the settlement. Therefore, we see no valid reason to waive the due diligence requirement in the interests of justice and equity. Because no evidence was presented on these elements, even if petitioner had established that she had a meritorious claim for fraud, the petition would still fail. Accordingly, consistent with the policy of promoting the finality of judgments and preventing relitigation, we find that the trial court properly granted respondent's motion for summary judgment.
For all the above reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
BUCKLEY and O'CONNOR, JJ., concur.