JOSEPH STEVENS, Adm'r of the Estate of Ingrid Stefanski, Deceased *et al.*, Plaintiffs-Appellants, v. LOU'S LEMON TREE, LTD., *et al.*, Defendants-Appellees (Vernell Ayers, Jr., Defendant).

First District (2nd Division)   Nos. 1—88—0963, 1—88—2206 cons.

Opinion filed August 15, 1989.

George M. Elsener & Associates, of Chicago (George M. Elsener and James N. Karahalios, of counsel), for appellants.

Law Offices of Sherwin Greenberg, of Chicago (Michael F. Burns, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:
Upon two successive defense motions, the circuit court dismissed counts IV and V of plaintiffs' second amended complaint, and counts II and III of plaintiffs' third amended complaint, for failure to state causes of action. By these consolidated appeals, plaintiffs seek recognition of a common law dramshop action and, alternatively, a finding that the Liquor Control Act of 1934 (Ill. Rev. Stat. 1987, ch. 43, pars. 94, 135) (Act) is unconstitutional insofar as it denies recovery for loss of consortium damages and places a cap upon the amount of damages

recoverable.

On February 7, 1986, plaintiffs Joseph Stevens, as administrator of the estate of Ingrid Stefanski (Ingrid), and Alexander Stefanski (Alexander), individually, filed a complaint against Vernell Ayers, Jr. (Ayers). In count I, plaintiffs alleged that on January 1, 1986, Ayers negligently struck and killed Ingrid with an automobile as she crossed Burley Street in Chicago. Plaintiffs' second amended complaint named as defendants: Ayers; Lou's Lemon Tree, Limited (Lou's), a corporation; and Daniel Delich (Delich) (sometimes collectively defendants). Count I was repeated and count II asserted that Lou's owned, operated and managed a tavern and licensed dramshop, known as the Lemon Tree Inn, on Muskegon Street in Chicago. Delich allegedly owned the Lemon Tree Inn building and premises and permitted the giving or selling of alcoholic liquors on those premises. On January 1, 1986, Delich and Lou's, acting through Lou's agents or servants, allegedly sold or gave to Ayers alcoholic liquor which he consumed, causing his intoxication, which was "at least one cause" of the accident. As a result of this occurrence, Ingrid suffered personal injury and permanent damage, and both Ingrid and Alexander incurred damage to their property, in the nature of hospital, medical and funeral expenses. Citing the Act (Ill. Rev. Stat. 1987, ch. 43, pars. 93.9, 135), plaintiffs sought judgment against Lou's and Delich for the property damage delineated above.

In count III, plaintiffs again sought recovery pursuant to the Act, contending that as a result of defendants' negligence and Ingrid's death, Alexander suffered injury to his means of support, suitable comforts which might have been expected from Ingrid and deprivation of Ingrid's companionship, society, love and affection.

Counts IV and V alleged common law negligence, otherwise tracking the preceding allegations.

Lou's section 2—615 motion to dismiss plaintiffs' second amended complaint (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), joined in by Delich, resulted in an order entered February 29, 1988, which: dismissed counts IV and V of the second amended complaint with prejudice; struck counts II and III with leave to refile; and found no just reason to delay appeal of the order. (124 Ill. 2d R. 304(a).) On March 23, 1988, plaintiffs filed a notice of appeal (docket No. 1—88—0963).

In their third amended complaint, filed March 25, 1988, plaintiffs asserted second and third counts virtually identical to those alleged in the second amended complaint, which were again dismissed, on June 28, 1988. By notice filed July 11, 1988, plaintiffs appealed this order (docket No. 1—88—2206). The appeals were consolidated. Ayers is not

a party to these appeals.

## I

■ Plaintiffs first assign error to the circuit court's refusal to recognize a common law, dramshop cause of action, permitting recovery against Lou's and Delich for damages allegedly incurred by Alexander as a result of Ingrid's death[1]. Admitting all well-pleaded facts and any reasonable inferences they permit, this court must determine whether those facts, viewed most favorably to plaintiffs, are sufficient to set forth causes of action upon which relief may be granted. *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.* (1988), 165 Ill. App. 3d 473, 479, 519 N.E.2d 121.

■ The right of recovery by virtue of negligence caused by intoxication was unknown at common law. (*Howlett v. Doglio* (1949), 402 Ill. 311, 318, 83 N.E.2d 708; *Thompson v. Capasso* (1959), 21 Ill. App. 2d 1, 4, 157 N.E.2d 75.) The legislature has recognized such an action in the Act (Ill. Rev. Stat. 1987, ch. 34, par. 135) and has the power to set the terms of recovery and liability therefor, without interference from the courts. (*Howlett v. Doglio*, 402 Ill. at 320-21; *Zamiar v. Linderman* (1985), 132 Ill. App. 3d 886, 889, 478 N.E.2d 534; *Thompson v. Capasso*, 21 Ill. App. 2d at 8.) As many Illinois authorities have held, the Act provides the only remedy against tavern operators and owners of tavern premises for injuries to person, property or means of support by an intoxicated person. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30-31, 174 N.E.2d 153; *Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 357, 529 N.E.2d 1169 (collecting authorities); see also *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 210, 497 N.E.2d 757; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 5, 440 N.E.2d 112; *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404, 406, 449 N.E.2d 209.

Claiming that the $40,000 ceiling on damages now available under the Act is almost worthless by virtue of inflationary erosion and the unrealistic limitation articulated in the Act on the types of damages offered (Ill. Rev. Stat. 1987, ch. 43, par. 135), plaintiffs contend that the deterrent intent underpinning the statute (see Ill. Rev. Stat. 1987, ch. 43, par. 94) has dissipated. In effect, tavern owners and operators are immunized from the exponentially larger amounts commonly awarded today as damages in simple negligence claims. Plaintiffs well

---

[1]Defendants correctly observe that plaintiffs present no arguments in their briefs regarding count II of the third amended complaint, in which plaintiffs sought recovery for personal injury and property damage. Issues or questions not raised in the briefs are waived. *Svec v. Allstate Insurance Co.* (1977), 53 Ill. App. 3d 1033, 1037, 369 N.E.2d 205.

recognize legislative prerogatives and limitative precedent; nevertheless, they press for a change in the law which has created the present state of injustice. They point to recent cases in which reviewing courts explicitly have called for legislative relief to no avail (*Zamiar v. Linderman*, 132 Ill. App. 3d at 890; *Ruth v. Benvenutti*, 114 Ill. App. 3d at 406), and inferentially urge that we follow the cogent and erudite dissent written by Justice Knecht in *Puckett v. Mr. Lucky's Ltd.* (175 Ill. App. 3d at 358-66), if parity is to be established for recovery in dramshop cases and common law recoveries. Parenthetically, we note that our supreme court recently denied leave to appeal in *Puckett* (124 Ill. 2d 561). Plaintiffs earnestly importune this court to act where the legislature will not and recognize a common law cause of action for recovery against dramshop operators without a monetary cap and impose liability on liquor sellers and purveyors for the loss of society, love, comfort and affection incurred by the spouse of an individual killed by an intoxicated motorist.

▪ As examples of judicial action taken where the legislature has not acted, plaintiffs cite *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 21, 421 N.E.2d 886, where our supreme court abandoned the concept of contributory negligence in favor of comparative negligence, explicitly noting that judge-created doctrines, such as contributory negligence, may be altered or totally replaced by the court which created them; and *Smith v. Eli Lilly & Co.* (1988), 173 Ill. App. 3d 1, 527 N.E.2d 333, *appeal allowed* (1988), 123 Ill. 2d 567, 535 N.E.2d 411, which marked a change in court-made theories by recognizing a modified market share theory of recovery for drug product damages in Illinois. Purely statutory causes of action such as in the present case, however, demand greater judicial restraint and restrict the freedom with which a court may act to alleviate perceived injustices. *Smith v. Eli Lilly & Co.*, 173 Ill. App. 3d at 26-27.

▪ Plaintiffs also urge expansion of damages to include compensation for loss of love, society, affection and comfort of the deceased. The Act restricts damages to personal injury, injury to property and injury to "means of support." (Ill. Rev. Stat. 1987, ch. 43, par. 135.) "Means of support" contemplates a person's wage-earning potential only, measurable by such tangibles as lost wages and inability to continue to earn a living. (*Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.*, 165 Ill. App. 3d at 477; *Wilberton v. Freddie's Pepper Box, Inc.* (1986), 148 Ill. App. 3d 319, 323, 499 N.E.2d 615; *Martin v. American Legion Post No. 784* (1978), 66 Ill. App. 3d 116, 118, 383 N.E.2d 672.) Decisions emanating from this court have repeatedly rejected litigants' attempts to broaden the spectrum of damages cognizable as "means of

support." See, *e.g.*, *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.*, 165 Ill. App. 3d 473, 519 N.E.2d 121 (no recovery for maternal and domestic services); *Wilberton v. Freddie's Pepper Box, Inc.*, 148 Ill. App. 3d 319, 499 N.E.2d 615 (no recovery for maternal and domestic services); *Stevens v. B &L Package Liquors, Inc.* (1978), 66 Ill. App. 3d 120, 383 N.E.2d 676 ("means of support" does not include value of domestic chores and services rendered by minor); *Robertson v. White* (1956), 11 Ill. App. 2d 177, 136 N.E.2d 550 (potential earnings of minor child not contemplated in "means of support").

██ █ The foregoing opinions explain as well the rationale prompting their adherence to the letter of the statute. The Act has been characterized as "essentially penal in character" because it provides recovery for injuries resulting from conduct of intoxicated persons without regard to fault; recovery, therefore, has been limited to "those classes named or fairly encompassed within [its] terms." *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.*, 165 Ill. App. 3d at 477.

Amendments to a statute, furthermore, are assumed to be enacted with the legislature's knowledge of judicial construction of the law. Despite several amendments to the damages provision from time to time, one of which raised the cap on damages in 1985, and the latest a technical amendment occurring in 1986 (Pub. Act 84—1438, eff. Dec. 22, 1986 (amending Ill. Rev. Stat. 1987, ch. 43, par. 135)), the legislature has implicitly accepted these judicial interpretations of "means of support" by declining to expand the scope of damages available under the Act further. *Demchuk v. Duplancich*, 92 Ill. 2d at 8, 9; *Wilberton v. Freddie's Pepper Box, Inc.*, 148 Ill. App. 3d at 324.

██ In the case *sub judice*, plaintiffs never attributed to Ingrid any present or potential earning capacity; instead, the lost "means of support" are described as "suitable comforts" which Alexander might have "expected" from her and as "companionship, society, love and affection." Indeed, plaintiffs conceded in the second amended complaint that neither Ingrid nor Alexander was employed in January 1986. Reading "means of support" so narrowly does not, as plaintiffs argue, evade the statute's prescription that its terms be "liberally construed." (Ill. Rev. Stat. 1987, ch. 43, par. 94.) Although the courts must faithfully apply the remedy offered by the Act, they cannot enlarge the statute's scope beyond a reasonable interpretation of its language. *Robertson v. White*, 11 Ill. App. 2d at 186.

Failure to expand the category of damages would not betray established tort theory which creates liability to, *inter alia*, deter potentially injurious behavior and compensate victims of tortious conduct, as plaintiffs argue, because the liability imposed on the dramshop by the

statute does not create a duty in tort. (*Hopkins v. Powers*, 113 Ill. 2d at 210-11.) Where the defendant bears no duty, he or she cannot be found guilty of tortious conduct. (*Wimmer v. Koenigseder*, 108 Ill. 2d at 444.) The circuit court correctly dismissed counts IV and V of the third amended complaint.

## II

Plaintiffs argue in the alternative that if this court finds no common law dramshop action to exist, it should declare the Act unconstitutional as violative of several State and Federal constitutional provisions.

■ The first constitutional objection levelled at the Act is that it breaches the State Constitution's prohibition against "special legislation." Ill. Const. 1970, art. IV, §13.

Plaintiffs refer this court to *Grace v. Howlett* (1972), 51 Ill. 2d 478, 487, 283 N.E.2d 474, where the supreme court held certain provisions of the Insurance Code unconstitutional on these grounds. Subsequently, however, in *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 330, 347 N.E.2d 736, on which plaintiffs also rely, the court found unconstitutional statutory caps placed on monetary damages recoverable in a medical malpractice action; nonetheless, the court specifically distinguished the Act, noting that recovery against dramshop operators for injuries inflicted by an intoxicated person was entirely a legislative creation and, as such, was legitimately subject to whatever limitations the legislature imposed upon it. *Wright v. Central Du Page Hospital Association*, 63 Ill. 2d at 326. See also *Mulhern v. Talk of the Town, Inc.* (1985), 138 Ill. App. 3d 829, 836, 486 N.E.2d 383.

■ Does the Act deny plaintiffs their right to "a certain remedy," guaranteed by the Illinois Constitution, as they next claim? (Ill. Const. 1970, art. I, §12.) This question was disposed of in *Cunningham v. Bown* (22 Ill. 2d at 30), where the supreme court stated that the existence of a legislative remedy, albeit limited, does not require the courts to recognize an additional or expanded remedy. See also *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 77, 174 N.E.2d 157.

■ Plaintiffs further claim that the Act deprives them of their constitutional right to a jury trial, pursuant to both the Illinois and Federal Constitutions. (U.S. Const., amend. VII; Ill. Const. 1970, art. I, §13.) Plaintiffs rely principally on *Kansas Malpractice Victims Coalition v. Bell* (1988), 243 Kan. 333, 334, 757 P.2d 251, 258-60, and the Kansas Supreme Court's ruling that the jury's function is to determine all factual issues, including damage awards, and thus statutory limita-

tions on damages available to medical malpractice victims deprived them of their right to a jury trial as set forth in the State Constitution. In *Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 347 N.E.2d 736, our supreme court noted critical distinctions between causes of action known at common law, such as claims alleging medical malpractice, and classes of claims which are purely statutory in nature. Claims created by statute need not be tried by a jury, as the right to a jury trial is conferred on common law claims. (*In re Estate of Grabow* (1979), 74 Ill. App. 3d 336, 337, 392 N.E.2d 980.) Moreover, the guaranty of a jury trial articulated in the United States Constitution does not extend to the States through the fourteenth amendment, contrary to plaintiffs' assertion. *Boyd v. Bulala* (W.D. Va. 1986), 647 F. Supp. 781, 788; *In re Estate of Grabow*, 74 Ill. App. 3d at 338.

■■■ Plaintiffs insist that the limitations placed upon recovery under the Act, including who may collect damages; the one-year limitations period attached to the statute; and the fact that no right of contribution exists against dramshops by codefendants, rob them of their due process rights. (See U.S. Const. amend. XIV: Ill. Const. 1970, art. I, §2; *Demchuk v. Duplancich*, 92 Ill. 2d at 9; *Mulhern v. Talk of the Town, Inc.*, 138 Ill. App. 3d at 835; *Akin v. J.R.'s Lounge, Inc.* (1987), 158 Ill. App. 3d 834, 837, 512 N.E.2d 130.) Restraints on recovery imposed by the legislature reduce the remedy to a virtual nullity, plaintiffs contend.

No Illinois authority is cited in support of plaintiffs' proposition, however, and cases from foreign jurisdictions to which they refer do not construe dramshop statutes. No decisions on which plaintiffs rely address the facts at bar. Because there was no common law remedy for injuries inflicted through third parties by sellers and purveyors of liquor, the Act in fact provides, rather than abrogates, a remedy; there is no infringement on plaintiffs' rights. (*Zostautas v. St. Anthony De Padua Hospital* (1961), 23 Ill. 2d 326, 336, 178 N.E.2d 303.) We are cautioned to recognize that the legislature must be given wide latitude in defining the perimeters of the cause of action it creates. *Hall v. Gillins* (1958), 13 Ill. 2d 26, 29, 147 N.E.2d 352.

An additional case plaintiffs refer to our attention is similarly distinguishable. In *Ontiveros v. Borak* (1983), 136 Ariz. 500, 513, 667 P.2d 200, 213, the Arizona Supreme Court recognized for the first time a common law dramshop cause of action in that State; however, due process was not an issue before the court.

■■■■ Plaintiffs maintain the Act denies them equal protection of the laws (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) because it arbitrarily classifies who may recover under the Act. The classes al-

legedly discriminated against essentially fall into two groups: (1) families of deceased individuals who may demand damages for loss of the decedent's love, society and affection against all wrongdoers except liquor sellers and purveyors; and (2) families of decedents who were unemployed and providing no "means of support" at their death.

This appeal encompasses neither a fundamental right[2] nor a suspect class; the legislature may differentiate between persons similarly situated if there is a reasonable basis for doing so, *i.e.*, when: (1) the statute's purpose is reasonable; and (2) the statute rationally advances that purpose. (*Linnabery v. DePauw* (C.D. Ill. 1988), 695 F. Supp. 411, 413; *Glinka v. Flame of Countryside, Inc.* (1988), 171 Ill. App. 3d 81, 84, 524 N.E.2d 1102.) The underlying purposes of the Act are to protect and promote the safety and welfare of the State's citizens, to foster temperance, and to place the burden of securing these goals on those profiting from trafficking in liquor. (See *Linnabery v. DePauw*, 695 F. Supp. at 413; Ill. Rev. Stat. 1987, ch. 43, par. 94.) As recovery allowed under the Act was unknown at common law, the legislature itself defined the nature of the damages and the class of beneficiaries it desired to benefit from the statute's stated purpose. The fact that the legislature also employed limitations on these terms reasonably may reflect the State's additional interest in protecting putative defendants from excessive liability. (See *In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979* (1981), 644 F.2d 594, 610.) The rational promotion of the Act's purposes therefore does not deny plaintiffs equal protection of the laws. The circuit court did not err in dismissing counts II through IV of plaintiffs' third amended complaint.

For the reasons set forth above, we are constrained to affirm the judgments of the circuit court.

Affirmed.

BILANDIC, P.J., and SCARIANO, J., concur.

---

[2]Plaintiffs urge that the Act infringes upon two fundamental rights: the right to trial by jury and the right to a remedy. It has already been determined, however, that the constitutional guaranty of a jury trial does not attach to claims unknown at common law (*In re Estate of Grabow*, 74 Ill. App. 3d at 337), and that the legislature may define the remedies available in causes of action it creates itself. *Cunningham v. Brown*, 22 Ill. 2d at 30.