*In re* MARRIAGE OF KAREN DELK, f/k/a Karen N. Herzog, Petitioner-Appellant, and GEORGE C. HERZOG, Respondent-Appellee.

First District (4th Division)   No. 1—95—1566

Opinion filed May 2, 1996.—Rehearing denied June 5, 1996.

Moynihan & Dillon, of Chicago (Michael A. Moynihan, of counsel), for appellant.

William G. Clark, Jr., & Associates, Ltd., of Chicago (Andrew D. Synchef and William G. Clark, Jr., of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The petitioner, Karen Delk, appeals from orders of the circuit court of Cook County dismissing her petition for relief pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2.—1401 (West 1992)) and denying her leave to file a response to a Supreme Court Rule 137 (134 Ill. 2d R. 137) petition for sanctions pending against her. For the reasons which follow, we dismiss this appeal in part and affirm in part.

On December 17, 1980, a judgment was entered dissolving the marriage theretofore existing between Delk and the respondent, George C. Herzog. That judgment, amongst other things, provided for the custody and support of the minor children of the parties, mainte-

nance for Delk, and a division of the parties' marital assets. The judgment was thereafter modified in certain financial respects by orders entered on May 5, 1983, and November 21, 1985.

On April 13, 1989, Delk filed a section 2—1401 petition requesting that the court modify its judgment of September 17, 1980, redistribute the marital assets of the parties, and award her maintenance and child support for the period after September 17, 1980, based upon Herzog's actual income and assets. In support of her petition, Delk charged that Herzog intentionally and fraudulently failed to fully disclose his income and assets at the time of the entry of the original judgment on September 17, 1980, and upon the modification of that judgment on May 5, 1983, and November 21, 1985. Delk's original petition specified certain assets and income that Herzog had failed to disclose.

On September 15, 1989, pursuant to Herzog's motion, the trial court struck Delk's petition and granted her leave to replead. Thereafter, Delk filed an amended petition which was stricken on November 28, 1989, a second amended petition which was stricken on September 5, 1990, and a third amended petition. Each successive petition set forth additional allegations of asset and income concealment on the part of Herzog.

On August 14, 1992, Delk filed a motion for leave to file a fourth amended section 2—1401 petition. After being continued from time to time, the motion was denied on January 8, 1993.

On January 11, 1993, immediately prior to the scheduled commencement of a hearing on her pending third amended section 2—1401 petition, Delk moved for, and was granted, a voluntary dismissal pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 1992)).

On September 21, 1993, Delk filed a four-count pleading entitled "Fourth Amended Petition Pursuant to Section 2—1401 of the Code of Civil Procedure" (refiled petition). Counts I, II and III of the refiled petition sought relief pursuant to section 2—1401 and were presumptively filed pursuant to the provisions of section 13—217 of the Code (735 ILCS 5/13—217 (West 1992)), which permits a party to commence a new action within one year after taking a voluntary dismissal. Count IV of the refiled petition was brought pursuant to section 505 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/505 (West 1992)) and sought a determination that Herzog owed past-due child support and maintenance in the sum of $2,125.24. Count IV sought no relief pursuant to section 2—1401.

Herzog moved to dismiss Delk's refiled petition, and on July 26, 1994, the trial court heard extensive argument on the motion. The

transcript of that hearing reveals that the court, among other things, found that Delk failed to exercise reasonable diligence in discovering the matters alleged in her refiled petition and further failed to exercise reasonable diligence in seeking relief pursuant to section 2—1401. The transcript reveals that the trial court dismissed the refiled petition with prejudice.

Failing to agree upon the wording of an order after the July 26 hearing, the attorneys for the parties appeared before the trial court again on August 11, 1994. After entertaining counsel's arguments and indicating the matters that should be included in a draft order, the court directed the attorneys to prepare an order before they left the courtroom and present it to the court for signature. Regrettably, we do not know the exact content of the order of August 11, 1994, as a copy of that order has not been included in the record before us. It appears, however, that Delk filed a motion to reconsider some order dismissing her refiled petition that was entered on August 11, 1994. We say "appears" because, although Delk has failed to include a copy of her motion to reconsider in the record, references to such a motion appear in the trial court's orders of October 7, 1994, December 12, 1994, and February 22, 1995, and in the transcripts of the proceedings held on October 7, 1994, and January 23, 1995.

The transcript of the January 23, 1995, proceedings reveals that the trial court denied Delk's motion to reconsider. During its oral ruling, the trial court clarified the basis for its dismissal order in several respects. Pertinent to our disposition of this matter, the trial court stated:

"And I also want to correct the record because—when I previously dismissed the fourth amended petition on lack of due diligence, my reference was to—the lack of due diligence was mainly to the time period for the filing of the first petition in 1988 and the fourth amended petition that was filed in 1993."

On February 22, 1995, the trial court entered a written order again dismissing each of the four counts of Delk's refiled petition with prejudice. This appeal followed.

Delk's notice of appeal states that she seeks a reversal of the orders entered by the trial court on February 22, 1995, August 11, 1994, December 21, 1993, and September 23, 1993. Before addressing Delk's appeal as it relates to the dismissal of counts I, II and III of her refiled petition, we will address her appeal from the dismissal of count IV and the orders of September 23, 1993, and December 21, 1993.

■ Although not contained in the record on appeal, it appears that Herzog filed a Rule 137 petition seeking sanctions against Delk

on July 6, 1993. The absence of that petition from the record prevents us from determining the grounds stated therein or the pleading to which it was addressed. However, we do know from the record that, on September 23, 1993, the trial court denied Delk leave to file a tardy response to the petition for sanctions. Although that order effectively defaulted Delk, the record does not reflect that any monetary award was entered against her. In point of fact, the transcripts of the proceedings held in this case on October 7, 1994, and January 23, 1995, reflect that the petition for sanctions was still pending and scheduled for hearing in April 1995.

Even though the issue was not raised by either party, this court has an obligation to determine if it has jurisdiction to entertain Delk's appeal from the trial court's order of September 23, 1993. *In re Marriage of Betts*, 159 Ill. App. 3d 327, 330, 511 N.E.2d 732 (1987). As the supreme court noted in *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989):

> "Jurisdiction of appellate courts is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions. [Citations.] A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. [Citations.]"

It follows then that an order such as the one entered in this case on September 23, 1993, denying a party leave to respond to a petition for sanctions but leaving for a future hearing the determination of what, if any, sanction will be assessed, is not a final order for purposes of appeal. Since the trial court's order of September 23, 1993, was not final for purposes of appeal, we lack jurisdiction to review it. Delk's appeal from the order of September 23, 1993, is dismissed.

■ As stated, Delk's notice of appeal also seeks a reversal of an order entered on December 21, 1993. She has, however, failed to include any such order in the record on appeal and has not made reference to such an order in her brief.

The burden rests upon the appellant to provide a sufficient record to support a claim of error. *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92, 634 N.E.2d 373 (1994). Further, the failure of an appellant to raise or argue an issue before the appellate court results in a waiver of the issue. 134 Ill. 2d R. 341(e)(7); *Meyers v. Kissner*, 149 Ill. 2d 1, 8, 594 N.E.2d 336 (1992). Consequently, Delk has waived all issues relating to the order of December 21, 1993, for purposes of this appeal.

■ It is clear from the record before us that the trial court dismissed Delk's refiled petition in its entirety, including count IV.

However, in her brief, Delk has addressed that dismissal only as it relates to the section 2—1401 relief that she sought. Having failed to address the propriety of the dismissal of her petition for a declaration of arrearages as contained in count IV, we deem that issue waived also. 134 Ill. 2d R. 341(e)(7).

Lastly, we address the propriety of the trial court's dismissal of counts I, II and III of Delk's refiled petition which sought relief pursuant to section 2—1401.

■ In order to be entitled to relief pursuant to section 2—1401, Delk was required to affirmatively plead specific factual allegations supporting each of the following elements: (1) the existence of a meritorious claim; (2) due diligence in presenting that claim in the original action; and (3) due diligence in seeking relief under section 2—1401. *In re Petition of the Village of Kildeer to Annex Certain Territory*, 124 Ill. 2d 533, 544, 530 N.E.2d 491 (1988); *Kaput v. Hoey*, 124 Ill. 2d 370, 378, 530 N.E.2d 230 (1988); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381 (1986). Although the parties have addressed a number of issues in their briefs relating to the dismissal of counts I, II, and III of Delk's refiled petition, we will focus our analysis on the question of Delk's diligence in seeking section 2—1401 relief, as we think it dispositive of the matter.

Eligibility for relief under section 2—1401 rests in part upon the requirement that a petitioner act with due diligence in availing herself of the remedy. See *Diacou v. Palos State Bank*, 65 Ill. 2d 304, 357 N.E.2d 518 (1976). And, while we are fully aware of decisions that hold that justice and good conscience may require that section 2—1401 relief be granted even in the absence of diligence on the part of the petitioner (*e.g., Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 190 N.E.2d 348 (1963)), we do not believe that the instant case presents such a circumstance.

■ From a reading of the allegations contained in counts I, II, and III of her refiled petition, it is apparent that Delk was aware of all of the facts upon which she predicated her entitlement to section 2—1401 relief in early 1992 at the very latest. Yet, after voluntarily dismissing her third amended petition on January 11, 1993, Delk waited in excess of eight months before filing her refiled petition. This delay went unexplained in the refiled petition itself, in Delk's arguments before the trial court, and remains unexplained in her briefs before this court. Further, it is clear from the record before us that nothing Herzog did, or failed to do, in any way contributed to this eight-month delay.

The burden was upon Delk to allege facts in her refiled petition justifying section 2—1401 relief. *Esczuk v. Chicago Transit Authority*,

39 Ill. 2d 464, 467, 236 N.E.2d 719 (1968); *Flisk v. Central Area Park District*, 203 Ill. App. 3d 253, 255, 560 N.E.2d 1160 (1990). However, Delk's refiled petition fails to contain factual allegations explaining her eight-month delay in refiling and, as such, fails to allege facts establishing that she acted with diligence in seeking section 2—1401 relief. Where, as in this case, a section 2—1401 petition fails to state facts sufficient to warrant relief, it is subject to a motion to dismiss. *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 279-80, 433 N.E.2d 253 (1982); *Storcz v. O'Donnell*, 256 Ill. App. 3d 1064, 1069, 628 N.E.2d 677 (1993).

A petition pursuant to section 2—1401 of the Code is addressed to the sound discretion of the trial court, and we are justified in disturbing a trial court's judgment on the matter only when we find that it has abused that discretion. *Smith*, 114 Ill. 2d at 221. Having found that Delk's refiled petition was deficient on its face in failing to establish diligence in its filing, we find no abuse of discretion in the trial court's dismissal of counts I, II, and III of that petition and affirm its judgment in that regard.

In summary, we dismiss this appeal as it relates to the trial court's order of September 23, 1993, and affirm the trial court on all other issues raised in this appeal.

Affirmed in part and dismissed in part.

CAHILL and O'BRIEN, JJ., concur.