*In re* MARRIAGE OF CAROLYN B. BUCK, Petitioner-Appellant, and JOHN A. BUCK II, Respondent-Appellee.

First District (5th Division)    No. 1—00—0513

Opinion filed December 22, 2000.

Gordon, Glickman, Flesch & Woody (James S. Gordon, Russel Woody, and Edward Slovick, of counsel), and Schippers & Bailey, both of Chicago (James M. Bailey, of counsel), for appellant.

Reuben A. Bernick, of Chicago, for appellee.

PRESIDING JUSTICE QUINN delivered the opinion of the court:

On August 23, 1999, petitioner Carolyn Buck filed a verified petition under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) seeking reformation of the marital settlement agreement entered into with respondent John Buck on June 30, 1987. On September 29, 1999, respondent filed a motion to dismiss the petition under sections 2—619(a)(5) and (a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2—619(a)(5), (a)(9) (West 1998)). On January 31, 2000, the trial court granted respondent's motion to dismiss the section 2—1401 petition. Petitioner appeals the trial court's order. We reverse.

Carolyn and John Buck were lawfully married on September 3, 1966, in Chicago, Illinois. On June 30, 1987, the parties entered into a marital settlement agreement (the Agreement). The Agreement was incorporated into the final decree of dissolution of marriage entered by the circuit court on July 2, 1987. In the Agreement, respondent stated that he "assigns and transfers to [petitioner] on and after July 1, 1987 fifty percent of [respondent's] economic interest in all partnership investments [respondent] currently owns." Petitioner then released any claim to right, title and interest in the John Buck Company, a company in which respondent owned 100% of the issued and outstanding stock. Both parties acknowledged in the Agreement that they had

"been fully informed of each other's wealth, property, estate and income, have had access to any information required by each of them from the other, and that they [were] fully advised as to their rights therein."

In the summer of 1998, in discovery related to petitioner's third amended petition for enforcement of the marital settlement agreement (the third amended petition), respondent produced a copy of a November 12, 1987, letter agreement between the John Buck Company and the partners of a limited partnership (Buck 123 LP) with ownership interests in a parcel of land known as "Block 123." Block 123 is the block bounded by State Street, Illinois Street, Wabash Avenue and Grand Avenue in the City of Chicago. Petitioner asserted that she inferred from the letter agreement that respondent would have a personal interest in two similar limited partnerships that were to be formed for the acquisition of two adjoining parcels of land known as "Blocks 124 and 125." Petitioner believed that respondent's interest was derived from his share in Buck 123 LP, a partnership in which petitioner had a 50% interest in respondent's portion.

In late August of 1998, petitioner took the deposition of the chief financial officer of the John Buck Company, John O'Donnell. O'Donnell testified that the John Buck Company acquired interests in Blocks 124 and 125 in 1986, at the same time the company acquired its interest in Block 123. In respondent's deposition, taken the next day, he stated that the purpose of the letter dated November 12, 1987, was to form two partnerships for the acquisition of Blocks 124 and 125. Respondent stated that he did not know if those partnerships were ever actually formed. Respondent testified that Blocks 124 and 125 had been purchased in 1997 and that he could not recall when the negotiations for those properties began.

Petitioner then filed a second amendment to the third amended petition, which added count VII. Count VII was based on the premise that respondent held a personal interest in Blocks 124 and 125, which petitioner was entitled to a 50% share.

On June 14, 1999, the parties were before the circuit court for a Rule 218 (134 Ill. 2d R. 218) pretrial conference. During that conference, counsel for respondent stated that petitioner could have no interest in Blocks 124 and 125 because respondent's interest in those properties was held through the John Buck Company and petitioner had waived all claims to any interest in that company in the Agreement. Petitioner alleges that this was the first notice she had that respondent's interest in Blocks 124 and 125 was held by the John Buck Company and not respondent personally.

On June 29, 1999, petitioner ordered a title search on Blocks 124

and 125, which disclosed to petitioner the existence of a contract dated December 10, 1986, between a general partnership known as MKDG/Buck 124 Partnership and the American Medical Association (the AMA), for the purchase of Block 124. The title search also revealed a similar contract between the AMA and a general partnership known as MKDG/Buck 125 Partnership, for the purchase of Block 125. Each of those documents was signed for the purchasing general partnership by respondent, personally, on behalf of the John Buck Company. Petitioner alleges that this was the first notice she had that respondent had testified falsely as to when he had acquired an interest in Blocks 124 and 125.

On July 7, 1999, petitioner amended count VII of the third amended petition. In count VII as amended, petitioner alleged that she was entitled to 50% of respondent's economic interest in the partnership that held interest in Block 123 and, through her interest in that partnership, she also acquired an interest in Blocks 124 and 125. Petitioner further alleged that respondent owed her a fiduciary duty in the management of their shared economic interests.

On August 23, 1999, petitioner filed a verified petition for modification of the marital settlement agreement, pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)) (the section 2—1401 petition). Petitioner alleged that the Agreement assigned 50% of respondent's economic interests in all respondent's real estate partnership investments to her. Petitioner emphasized that the Agreement listed 22 real estate partnerships by name, but omitted any reference to the partnerships which held an interest in the parcels of land known as Blocks 124 and 125. Respondent's interest in Blocks 124 and 125 was held through his corporation, the John Buck Company, in which respondent owned 100% of the shares. Petitioner alleged that she relied on respondent's representation that those shares had only minimal value and that respondent concealed the fact that the John Buck Company held interests in Blocks 124 and 125. Petitioner asserts that she detrimentally relied on these false representations when she waived and released any claim to the John Buck Company. Thus, petitioner asked the trial court to reform the Agreement so she would be entitled to 50% of respondent's interest in any real estate partnership holding an interest in Blocks 124 and 125.

On September 29, 1999, respondent filed a motion to dismiss the section 2—1401 petition under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5), (a)(9) (West 1998)). Respondent also filed a motion to dismiss the amended version of count VII of the third amended petition. On January 31, 2000, the trial court denied respondent's motion to dismiss count VII of the third amended peti-

tion. However, on that same date, the trial court issued an order granting respondent's motion to dismiss the section 2—1401 petition. It is from the latter order that petitioner has sought to appeal.

For the reasons that follow, we reverse the trial court's order dismissing the section 2—1401 petition.

■ Although a section 2—1401 petition is filed in the same action in which the judgment it seeks to vacate was entered, it is not a continuation thereof. 735 ILCS 5/2—1401(b) (West 1998). The petition is in fact a new action and is subject to the usual rules of civil practice. See *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 279, 433 N.E.2d 253 (1982). A section 2—1401 petitioner bears the burden to allege and prove facts sufficient to justify relief. *In re Marriage of Travlos*, 218 Ill. App. 3d 1030, 1035, 578 N.E.2d 1267 (1991). Where a section 2—1401 petition fails to state a cause of action or shows on its face that the petitioner is not entitled to relief, the petition is subject to a motion to dismiss. See *Ostendorf*, 89 Ill. 2d at 279-80. On a motion to dismiss, therefore, a section 2—1401 petition is to be considered in the same manner as a civil complaint. See *Ostendorf*, 89 Ill. 2d at 280.

■ A motion to dismiss admits all well-pleaded facts. Its purpose is to raise an issue of law as to the legal sufficiency of the allegations of the complaint. *Ostendorf*, 89 Ill. 2d at 280. The standard of review for a dismissal based on a section 2—619 motion is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993). A motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover. *Ostendorf*, 89 Ill. 2d at 280.

■ In order to be entitled to relief pursuant to section 2—1401, the petitioner is required to affirmatively plead specific factual allegations supporting each of the following elements: (1) the existence of a meritorious claim; (2) due diligence in presenting that claim in the original action; and (3) due diligence in seeking relief under section 2—1401. *In re Petition of the Village of Kildeer to Annex Certain Territory*, 124 Ill. 2d 533, 544, 530 N.E.2d 491 (1988). Specifically, to set aside a judgment based on newly discovered evidence, it is settled that the evidence must be such as could not reasonably have been discovered at the time of or prior to the entry of the judgment. *Travlos*, 218 Ill. App. 3d at 1035. Furthermore, eligibility for relief under section 2—1401 rests in part upon the requirement that a petitioner act with due diligence in availing herself of the remedy. *In re Marriage of Delk*, 281 Ill. App. 3d 303, 308, 666 N.E.2d 683 (1996).

■ If the petition is filed more than two years after the initial judgment was entered, the petitioner must present evidence of fraudu-

lent concealment. To prove fraudulent concealment in a section 2—1401 petition, the petitioner must prove by clear and convincing evidence that the respondent intentionally misstated or concealed a material fact that the respondent had a duty to disclose and that the petitioner detrimentally relied on the respondent's statement or conduct. *In re Marriage of Himmel*, 285 Ill. App. 3d 145, 148, 673 N.E.2d 1140 (1996).

From a reading of the allegations in the section 2—1401 petition and the attached exhibits, there is no dispute that petitioner was aware of the existence of the John Buck Company at the time the parties entered into the Agreement. Petitioner also admitted that respondent had spoken with her about a plan to acquire and develop property owned by the American Medical Association, and she stated that such property was characterized in the Agreement as "State and Grand (AMA Development)." However, petitioner alleged that respondent affirmatively misrepresented to her that the John Buck Company owned only office furniture and equipment and that the stock of the John Buck Company had little or no value. Petitioner also alleged that respondent concealed the fact that, at the same time he had acquired an interest in Block 123, he had also acquired an interest in Blocks 124 and 125 through the John Buck Company. Petitioner further alleged that had she known of the interest held by the John Buck Company in Blocks 124 and 125, she would not have released her claims to the company.

The section 2—1401 petition also alleged petitioner did not learn that respondent held a partnership interest in Blocks 124 and 125 until she received the November 12, 1987, letter in the summer of 1998. In August of 1998, petitioner deposed respondent and John O'Donnell. Based on the information learned through those depositions and the letter, petitioner took immediate action by adding count VII to her third amended petition for enforcement of the marital settlement agreement.

On June 14, 1999, during a pretrial conference, counsel for respondent revealed that respondent's interests in Blocks 124 and 125 were held through the John Buck Company, not by respondent personally. Petitioner alleged that was the first notice she received that respondent did not hold a personal interest in Blocks 124 and 125. Approximately two weeks later, petitioner ordered a title search on Blocks 124 and 125, which revealed that contracts for the purchases of Blocks 124 and 125 existed on December 10, 1986, and each document was signed by respondent on behalf of the John Buck Company. Petitioner then filed her section 2—1401 petition less than two months later.

■ Respondent filed a motion to dismiss the petition under sec-

tions 2—619(a)(5) and (a)(9) of the Illinois Code of Civil Procedure. 735 ILCS 5/2—619(a)(5), (a)(9) (West 1998). The relevant portions of section 2—619 provide as follows:

> "(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds.
>
> * * *
>
> (5) That the action was not commenced within the time limited by law.
>
> * * *
>
> (9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(5), (a)(9) (West 1998).

Respondent concedes that he did not reveal to petitioner the interests he held through the John Buck Company in Blocks 124 and 125. Respondent initially argues that petitioner did not practice due diligence in the original proceeding as she did not take discovery of respondent's assets prior to signing the Agreement, relying on *In re Marriage of Halas*, 173 Ill. App. 3d 218, 527 N.E.2d 474 (1988). This court in *Halas* commented that "the record [was] void of any evidence that [the] petitioner requested any information whatsoever through discovery." *Halas*, 173 Ill. App. 3d at 225. However, in affirming summary judgment for the respondent, the court held that the petitioner could not successfully claim that the respondent affirmatively concealed information from her. *Halas*, 173 Ill. App. 3d at 225. In this case, taking petitioner's allegations as being true, petitioner sufficiently alleged fraudulent concealment. We decline to read *Halas* as holding that it is *per se* lack of diligence not to take discovery in a divorce action.

Respondent also relies on *In re Marriage of Himmel*, 285 Ill. App. 3d 145, 148, 673 N.E.2d 1140 (1996), for the proposition that a settlement agreement will only be set aside if the misrepresentation of assets could not reasonably have been discovered at the time of, or prior to, the entry of judgment. A party to a divorce will not be relieved of the consequences of her lack of diligence in failing to discover such information relevant to the divorce proceeding. *Himmel*, 285 Ill. App. 3d at 148.

In *Himmel*, the appellate court upheld an order dismissing a section 2—1401 petition based on the trial court's finding that there was no fraudulent concealment. *Himmel*, 285 Ill. App. 3d at 149. However, in *Himmel*, an evidentiary hearing had been held, wherein the court determined that the petitioner knew of the pension funds at issue, but took no action to discover the value of the pension funds or to assert

her claims to them. The court also found that there was no evidence that the respondent intentionally misrepresented or concealed the pension. *Himmel*, 285 Ill. App. 3d at 148-49. In our case, petitioner has alleged that she was unaware of the existence of the two realty partnerships because respondent intentionally misrepresented his interests in them.

While respondent concedes that he did not reveal the interests he held in Blocks 124 and 125, he argues that for concealment of information to be actionable, the silent party must intend to deceive the other party, citing *In re Marriage of Broday*, 256 Ill. App. 3d 699, 703, 628 N.E.2d 790 (1993).

In *Broday*, the appellate court reversed the order of the circuit court vacating the property settlement provisions of the judgment of dissolution of marriage. During the original proceeding, the petitioner was advised on several occasions to retain counsel for herself and she refused. *Broday*, 256 Ill. App. 3d at 701. The profit-sharing plan the respondent allegedly concealed was specifically mentioned in the separation agreement and the trial court found that the respondent did not commit fraud in concealing the information. *Broday*, 256 Ill. App. 3d at 703. The appellate court found that the petitioner could have discovered information about the respondent's financial status by simply hiring an attorney or by conducting her own investigation. *Broday*, 256 Ill. App. 3d at 704.

Similarly, respondent cites *In re Marriage of Travlos*, 218 Ill. App. 3d 1030, 578 N.E.2d 1267 (1991), as support for his argument that his silence was not actionable. In *Travlos*, this court determined that mere silence or a failure to communicate information, absent a duty to do so, does not constitute fraud. *Travlos*, 218 Ill. App. 3d at 1038. There, in pretrial discovery, the respondent revealed that she did not know if she had an interest in the land at issue and told the petitioner that her attorney had the information regarding that property. The appellate court found that, based on that information, the petitioner reasonably should have been able to discover and present evidence regarding his claim to the property in the original proceeding. *Travlos*, 218 Ill. App. 3d at 1036-37.

Here, unlike the petitioner in *Broday*, petitioner sought to protect her interests through representation by counsel. Also, the interests in the realty partnerships for Blocks 124 and 125 were not mentioned at all in the Agreement, unlike the profit-sharing plan in *Broday*. Further, petitioner sufficiently alleged that respondent actively and fraudulently concealed information that would have allowed her to discover the nature of his interests in Block 124 and 125; she does not merely allege that he silently acquiesced to her assumptions, as did the petitioner in *Travlos*.

Respondent relies on *In re Marriage of Delk*, 281 Ill. App. 3d 303, 666 N.E.2d 683 (1996), to support his argument that petitioner did not practice due diligence in seeking relief under section 2—1401. Petitioner asserts that the trial court did not rule that it was granting the motion to dismiss based on this ground. As we may affirm a trial court's ruling if any basis exists in the record for so doing (*Wayne Township Board of Auditors v. Ludwig*, 154 Ill. App. 3d 899, 908, 507 N.E.2d 199 (1987)), we choose to address this issue.

In *Delk*, this court upheld the trial court's dismissal of a section 2—1401 petition on the ground that the petitioner's unexplained eight-month delay in filing the petition constituted a fatal lack of diligence in presenting the petition. *Delk*, 281 Ill. App. 3d at 308. Unlike the petitioner in *Delk*, petitioner in this case had already asserted her rights by amending her petition for enforcement of the marital settlement agreement and adding the original count VII. Petitioner filed a section 2—1401 petition less than two months from the time that she alleged that she discovered respondent's interest in Blocks 124 and 125 was held through the John Buck Company. Thus, petitioner did not sit on her rights for an unexplained length of time as did the petitioner in *Delk*. We reject respondent's argument that petitioner did not practice due diligence in seeking relief under section 2—1401.

Petitioner's section 2—1401 petition pled specific factual allegations alleging the existence of a meritorious claim and alleged due diligence in presenting that claim in the original action. See *Kildeer*, 124 Ill. 2d at 544. Respondent's motion to dismiss was premised on the argument that the existence of the John Buck Company's interest in the realty partnership for Blocks 124 and 125 reasonably could have been discovered at the time of the entry of the judgment in the divorce action. Petitioner argues that respondent's actions amounted to fraudulent concealment. The trial court correctly ruled that such a claim in a section 2—1401 petition must be proven by clear and convincing evidence. *Himmel*, 285 Ill. App. 3d at 148. However, where the allegations in the section 2—1401 petition and the attached exhibits sufficiently state a claim for fraudulent concealment if true, the trial court must conduct an evidentiary hearing before granting a motion to dismiss under section 2—619.

Ultimately, whether petitioner's reliance on respondent's statements was reasonable is a question of fact and would be determinative of whether she practiced due diligence at the time of the original proceeding. This court has recently addressed the necessity of conducting an evidentiary hearing to determine contested issues of fact before deciding a section 2—619 motion.

In *Nosbaum v. Martini*, 312 Ill. App. 3d 108, 726 N.E.2d 84 (2000),

this court reversed the circuit court's order dismissing the complaint and urged that there be an evidentiary hearing on remand, despite the fact that no evidentiary hearing was requested, holding:

> " 'In determining [a section 2—619] motion on the merits *** the trial court may not simply resolve the motion on the bases of the affidavits and similar material submitted in the initial stage of the hearing on the motion. Rather[,] an evidentiary hearing must be held, and the unresolved issue or issues of fact must be determined on the basis of a preponderance of the evidence.' " 312 Ill. App. 3d at 122-23, quoting 4 R. Michael, Illinois Practice § 41.8, at 336 (1989).

Petitioner here consistently requested that an evidentiary hearing be conducted prior to the trial court's ruling on the motion to dismiss. Under the facts of this case, we hold that an evidentiary hearing must be held in the circuit court to determine the unresolved issue of whether petitioner's reliance on respondent's statements was reasonable. As petitioner's request for relief may only be based on a claim of fraudulent concealment, it is petitioner's burden to prove this proposition by clear and convincing evidence. *Himmel*, 285 Ill. App. 3d at 148.

As petitioner was entitled to an evidentiary hearing, we reverse the order of the circuit court dismissing the section 2—1401 petition.

For the foregoing reasons, we reverse the order of the circuit court and remand this cause for further proceedings in accordance with this opinion.

Reversed and remanded.

GREIMAN and THEIS, JJ., concur.