# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Benjamin*, 2017 IL App (1st) 161862

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF LAURENCE BENJAMIN, Petitioner-Appellant, and ARLENE BENJAMIN, Respondent-Appellee. |
| District & No. | First District, First Division<br>Docket Nos. 1-16-1862, 1-16-2503 cons. |
| Filed | August 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 99-D-9210; the Hon. Veronica Mathein, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Herman J. Marino, Ltd, P.C., of Chicago (Herman J. Marino and Danielle K. Kegley, of counsel), for appellant.<br><br>Linda S. Kagan, of Chicago, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Justices Simon and Mikva concurred in the judgment and opinion. |

**OPINION**

¶ 1      The marriage of the parties, respondent Arlene Benjamin and petitioner Laurence Benjamin, was dissolved in a judgment for dissolution of marriage on December 4, 2001. On January 4, 2006, respondent filed a petition for indirect civil contempt alleging that petitioner had failed to make his required maintenance payments. In January 2009, the parties entered into an agreed modification of judgment wherein petitioner agreed to make several payments totaling $500,000 in maintenance. On December 3, 2013, petitioner filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)) to vacate the agreed order of January 2009 based on a claim that he was fraudulently induced into the agreement. After discovery and a hearing, the Cook County circuit court denied the section 2-1401 petition. In a later hearing, the trial court found petitioner in indirect civil contempt for failing to make the final payment pursuant to the January 2009 agreement. The trial court also awarded respondent her attorney fees and denied petitioner's request for sanctions.

¶ 2      On appeal, petitioner alleges several errors by the trial court: (1) the trial court erred in denying his section 2-1401 petition because respondent fraudulently concealed her assets and income, (2) the trial court erred in holding him in indirect civil contempt because he acted in good faith, (3) the trial court should not have awarded respondent attorney fees, or, in the alternative, should have reduced them to a reasonable amount, and (4) the trial court erred when it denied his request to sanction respondent for filing a false affidavit.

¶ 3      For the following reasons, we affirm the trial court's orders in all respects.

¶ 4      JURISDICTION

¶ 5      On June 1, 2016, the trial court denied petitioner's section 2-1401 petition to vacate the agreed order entered in January 2009. The trial court entered a written order on July 25, 2016. On June 29, 2016, petitioner filed his notice of appeal of the June 1, 2016, ruling. On September 9, 2016, the trial court found petitioner in indirect civil contempt for his willful failure to obey the court's order of January 28, 2009, and ordered him to pay $187,505.16. The same order directed petitioner to pay respondent's attorney fees in the amount of $88,781.22 and also denied his motion to sanction respondent. Petitioner timely filed his notice of appeal for the September 9, 2016, order on September 13, 2016. On October 17, 2016, petitioner filed a motion for leave to consolidate the two above appeals, which this court granted on October 26, 2016. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. May 30, 2008).

¶ 6      BACKGROUND

¶ 7      In 1999, petitioner filed for legal separation from respondent. Both parties were represented by counsel, and the parties eventually entered into a marital settlement agreement. This settlement was incorporated into the judgment for dissolution of marriage, which the trial court entered on December 4, 2001.

¶ 8      On January 4, 2006, respondent filed a petition for indirect civil contempt for petitioner's failure to comply with the maintenance provision of the dissolution judgment. Respondent alleged that petitioner was failing to remit a portion of his Social Security benefits and income

from several trusts. On December 5, 2006, the parties agreed to enter into private mediation in an attempt to resolve the pending issues raised by respondent. During mediation, petitioner issued subpoenas for respondent's Chase Bank records. Chase Bank responded with records from two accounts: accounts No. 5814 and No. 6490.

¶ 9 On January 28, 2009, the parties entered into an agreed modification of judgment (hereinafter Agreed Judgment) wherein petitioner agreed to make payments to respondent totaling $500,000. The Agreed Judgment specifically provided that within 10 days petitioner would remit a $50,000 check and $300,000 in auction rate preferred securities. The Agreed Judgment also called for petitioner to pay an additional $150,000 on December 1, 2013, or his death, whichever occurred first. Petitioner timely turned over the initial $350,000, but the parties disputed how the remaining $150,000 would be paid. Petitioner did not make the required $150,000 payment on December 1, 2013.

¶ 10 On December 3, 2013, petitioner filed a section 2-1401 petition to vacate the Agreed Judgment based on respondent's alleged concealment of assets. Petitioner alleged that based on respondent's Rule 13 disclosure statement, respondent concealed the existence of a Chase Bank account containing over $500,000. Respondent filed a response claiming that the funds in the account were a loan from her son Jeffrey. She attached the affidavit of Jeffrey and handwritten promissory notes to support her loan claim. She also attached her restated trust, which called for the repayment of any loans from Jeffrey upon her death.

¶ 11 On June 27, 2014, respondent moved for summary judgment on the section 2-1401 petition. She claimed that she did not misrepresent her assets or income leading up to the entry of the Agreed Judgment, petitioner knew of the existence of the account and that it was a loan, and petitioner failed to exercise due diligence as required under section 2-1401. Respondent filed her own affidavit in support of her summary judgment motion on June 23, 2015. On August 11, 2015, petitioner filed his response disputing the merits of respondent's motion. He also filed a motion to strike respondent's affidavit and sanction her for filing a false one.

¶ 12 On October 19, 2015, the trial court granted respondent's motion for summary judgment. Petitioner filed a motion to reconsider on November 10, 2015, and the trial court granted it on January 19, 2016. After granting petitioner's motion to reconsider, it set an evidentiary hearing on the section 2-1401 petition. On November 3, 2015, respondent filed a petition for a rule to show cause seeking to hold petitioner in indirect civil contempt for failing to make the $150,000 payment on December 1, 2013.

¶ 13 On June 1, 2016, after several days of testimony, the trial court denied the section 2-1401 petition. The trial court also granted respondent leave to file a motion for attorney fees under section 508(a)(4) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508(a)(4) (West 2016)). On September 9, 2016, the trial court ruled on all remaining matters. The trial court found petitioner in indirect civil contempt for failing to make the $150,000 payment due on December 1, 2013. Petitioner was given seven days to purge the contempt order. The trial court also granted respondent's motion for attorney fees and denied petitioner's sanction motion related to respondent's summary judgment affidavit. Petitioner complied with the contempt and fees order by September 19, 2016.

¶ 14 This timely appeal followed.

¶ 15                                            ANALYSIS

¶ 16      On appeal, petitioner argues (1) that the trial court erred in denying his section 2-1401 petition because respondent fraudulently concealed her assets and income, (2) the trial court erred in holding him in indirect civil contempt because he acted in good faith, (3) the trial court should not have awarded respondent attorney fees, or, in the alternative, reduced them to a reasonable amount, and (4) the trial court erred when it denied his request to sanction respondent for filing a false affidavit.

¶ 17      In his first issue, petitioner argues the trial court erred in denying his section 2-1401 petition because respondent fraudulently concealed the true amount of her assets during settlement discussions and he relied on those false statements when he entered into the Agreed Judgment.

¶ 18      Section 2-1401 provides a mechanism by which a party may obtain relief from a final judgment when 30 days or more have passed since its entry. 735 ILCS 5/2-1401 (West 2012). The purpose of the statute is to allow a party to alert the court to facts that, if known at the time, would have precluded judgment from being entered. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). A proceeding pursuant to section 2-1401 does not provide the litigant a new opportunity to perform a task that should have been completed early in the proceeding, nor does it allow a litigant relief from the consequences of his mistake or negligence. *In re Marriage of Himmel*, 285 Ill. App. 3d 145, 148 (1996).

¶ 19      In order to be entitled to relief pursuant to section 2-1401, a party must set forth specific factual allegations to establish (1) the existence of a meritorious claim, (2) due diligence in presenting the claim to the trial court in the original action, and (3) due diligence in filing the section 2-1401 petition. *In re Marriage of Buck*, 318 Ill. App. 3d 489, 493 (2000). When a petition is based on a claim of newly discovered evidence, it must be shown that the evidence was not known at the time of the original proceeding and "could not have been discovered by the petitioner with the exercise of reasonable diligence." *In re Marriage of Goldsmith*, 2011 IL App (1st) 093448, ¶ 15. A petitioner bears the burden of establishing a right to relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986).

¶ 20      Normally, a section 2-1401 claim must be brought within two years after the entry of the order of judgment (735 ILCS 5/2-1401(c) (West 2012)); however, a petition may be brought after more than two years if the moving party alleges fraudulent concealment. *Buck*, 318 Ill. App. 3d at 493-94 (2000). In order to establish fraudulent concealment, "the petitioner must prove by clear and convincing evidence that the respondent intentionally misstated or concealed a material fact that the respondent had a duty to disclose and that the petitioner detrimentally relied on the respondent's statement or conduct." *Id.* at 494. When a trial court holds an evidentiary hearing, like the trial court did here, the decision to grant or deny relief is within the sound discretion of the trial court. See *Uptown Federal Savings & Loan Ass'n of Chicago v. Kotsiopoulos*, 105 Ill. App. 3d 444, 451 (1982) (applying a manifest weight of the evidence standard after the trial court held a hearing on the merits of a section 2-1401 petition).

¶ 21      After hearing three days of testimony and evidence, the trial court denied the section 2-1401 petition; thus, we will only reverse the trial court's judgment if the opposite conclusion is clearly evident or where the findings of the fact finder are unreasonable, arbitrary, and not based upon any evidence. *Snelson v. Kamm*, 204 Ill. 2d 1, 35 (2003). Moreover, we will not substitute our own opinion of the evidence for that of the fact finder. *Id.*

¶ 22    After review of this record, we conclude the trial court's denial of the section 2-1401 petition is not against the manifest weight because petitioner failed to establish fraudulent concealment or present evidence supporting the required elements of a section 2-1401 claim. Petitioner failed to establish fraudulent concealment because the record establishes petitioner had records in his possession showing the existence of the Chase Bank account in 2008. Despite his protestations in his brief, the record firmly establishes that in April 2008 petitioner's attorney issued a records subpoena to Chase Bank for "records of all cancelled checks from January 2004 to present" in regard to respondent. On August 8, 2008, a Chase Bank representative responded to this request and produced signature cards and withdrawal slips for account No. 5814. The records were from January 2004 through April 2008 and showed both respondent and her son Jeffrey as signatories on the account. The withdrawals during that time period ranged from $1000 up to $10,000. Petitioner's attorney issued a second subpoena to Chase Bank on September 16, 2008 for accounts No. 5814 and No. 6490. For unstated reasons this request was limited to records from September 2001 through December 2003. Chase Bank answered on October 8, 2008. Even if respondent's disclosure did not accurately state her assets or list account No. 5814, petitioner's subpoenas to Chase Bank showed the account's existence well before he entered into the Agreed Judgment. During the Agreed Judgment mediation, respondent's Rule 13 disclosure showed more than $100,000 in outstanding loans from respondent's son, Jeffrey. Moreover, the mediation report issued on August 23, 2007, also stated that respondent was borrowing money from her son for living expenses.

¶ 23    Illinois law has long held that a party cannot assert fraudulent concealment where the party did or should have discovered the conduct through ordinary diligence and still had a reasonable amount of time to present the claim. *Turner v. Nama*, 294 Ill. App. 3d 19, 27 (1997). More specifically, "a settlement agreement will be set aside only if the misrepresentation of the assets could not reasonably have been discovered at the time of, or prior to, the entry of the judgment, and a litigant will not be relieved of the consequences of her lack of diligence in failing to discover such information relevant to the dissolution proceeding." *Himmel*, 285 Ill. App. 3d at 148. Furthermore, knowledge of an attorney is treated as knowledge of a client, and such knowledge may even be imputed to the client even if such knowledge is not actually communicated. *Yugoslav-American Cultural Center, Inc. v. Parkway Bank & Trust Co.*, 289 Ill. App. 3d 728, 737 (1997).

¶ 24    The trial court found petitioner to not be a credible witness. Petitioner admitted that during the Agreed Judgment mediation, he probably saw respondent's disclosure showing loans between respondent and their son. He further admitted that he did not ask his son about the transactions. Petitioner testified that he only gained knowledge of the concealed account in January 2014, but he filed his section 2-1401 petition in December 2013. Additionally, petitioner attached records from 2005 showing the existence of the account, leading the trial court to conclude that petitioner had knowledge of the accounts well before the petition was filed. Petitioner's knowledge of the accounts and his failure to conduct any follow up discovery after Chase Bank's disclosures forecloses his claiming fraud. *Turner*, 294 Ill. App. 3d at 27.

¶ 25    Petitioner's attack on the evidence while on appeal and his reliance on *Buck*, 318 Ill. App. 3d 489, is misplaced. *Buck* is readily distinguishable because that appeal came to this court on a motion to dismiss. *Id.* at 493. For the purposes of deciding a motion to dismiss, all well-pled

facts in a section 2-1401 petition are admitted as true. *Id.* Unlike *Buck*, this case is not before us on a motion to dismiss, so the pleadings contained in the section 2-1401 petition are not taken as true. The trial court conducted an evidentiary hearing, so its ruling is entitled to greater deference than had it simply ruled on a motion to dismiss. *Snelson*, 204 Ill. 2d at 35.

¶ 26    In the same vein, his argument that we should ignore the findings of the trial court and adopt his view of the evidence is unpersuasive. Based on the three days of hearings, the trial court concluded no fraudulent concealment had taken place. The trial court also found respondent's testimony and evidence credible enough to establish that the funds at issue were not respondent's assets but loans from her son that would be repaid on her death. Petitioner asks us to take the opposite view. We reject petitioner's invitation to substitute his view of the evidence for that of the trial court; its judgment was based on its firsthand observations of the evidence and witnesses. The trial court is in a superior position to judge the credibility of witnesses and determine the weight of the testimony. *Cyclonaire Corp. v. ISG Riverdale, Inc.*, 378 Ill. App. 3d 554, 559 (2007). We do not find the trial court's findings regarding the fraudulent concealment claim or the merits of the section 2-1401 petition to be unreasonable or arbitrary.

¶ 27    Having failed to establish fraudulent concealment and the necessary elements of his section 2-1401 petition, we affirm the denial of his petition.

¶ 28    Petitioner next asserts the trial court erred in holding him in indirect civil contempt. After denying the section 2-1401 petition, the trial court held petitioner in indirect civil contempt on September 9, 2016, based on his refusal to pay the $150,000 December 1, 2013, payment required under the Agreed Judgment. The contempt order provided that the contempt would be purged if petitioner paid the $150,000, plus statutory interest by September 19, 2016. Petitioner timely made the required payment and the trial court purged the contempt. While petitioner argues for reversal of the contempt finding, we need not address it because the issue is moot. *In re Estate of Wellman*, 174 Ill. 2d 335, 353 (1996) (existence of a real controversy is a prerequisite to the exercise of our jurisdiction). As the record reflects, petitioner paid the entire amount, and the trial court purged the contempt order on September 19, 2016. Petitioner's payment of the entire amount in the contempt order means the issue is moot. See *In re Marriage of Betts*, 155 Ill. App. 3d 85, 104 (1987) (concluding that complete payment of past-due support obligation renders challenge to contempt order moot). We thus decline to review whether the trial court erred in holding petitioner in indirect civil contempt.

¶ 29    In the next issue, petitioner argues that the trial court erred in awarding attorney fees to respondent in the amount of $88,781.22. Petitioner initially argues that the trial court erred in awarding fees because it erred in denying his section 2-1401 petition and, therefore, respondent did not substantially prevail as required under the Illinois Marriage and Dissolution of Marriage Act. See 750 ILCS 5/508(a)(4) (West 2016) (awarding attorney fees to a party who substantially prevails in an action involving a section 2-1401 petition). Having found no error with the trial court's denial of his section 2-1401 petition, we reject this argument. Respondent substantially prevailed by successfully defeating the section 2-1401 petition. We will address petitioner's argument that the award was not reasonable and must be reversed or reduced.

¶ 30    A trial court's decision to award or deny attorney fees under section 5/508(a)(4) will only be reversed if the trial court abused its discretion. *In re Marriage of Haken*, 394 Ill. App. 3d 155, 160 (2009). An abuse of discretion occurs when a court "acts arbitrarily, without

conscientious judgment, or, in view of all of the circumstances, exceeds the bounds of reason and ignores recognized principles of law, resulting in substantial injustice." *Id.* A court can also consider the identity of the party who precipitated the need for the legal proceedings when making an award. *In re Marriage of Cotton*, 103 Ill. 2d 346, 361 (1984).

¶ 31    After reviewing the record, we find no abuse of discretion on the part of the trial court in awarding attorney fees to respondent. These proceedings lasted three years and contained three days of testimony before the trial court. The trial court was intimately familiar with both the litigants and the litigation, having been the trial judge when the divorce was initially filed in 1999. In granting respondent's fee petition, the trial court found the entries not vague, clerical, excessive, or unreasonable. Without pointing to any specific entries, petitioner argues the billing statements are excessive and unreasonable. This vague argument fails to demonstrate how the trial court abused its discretion.

¶ 32    Moreover, petitioner initiated these proceedings when he filed his section 2-1401 petition in an attempt to void the entire Agreed Judgment, and in doing so, refused to make the final $150,000 due thereunder. Petitioner then litigated the issue for three years. The trial court concluded petitioner filed it in bad faith and held him in contempt. Petitioner could have avoided the entirety of the attorney fees had he simply complied with the Agreed Judgment. Based on this record, we find no abuse of discretion by the trial court in awarding respondent attorney fees.

¶ 33    Lastly, petitioner argues the trial court erred when it denied his motion to strike and impose sanctions for respondent's alleged filing of a false affidavit. During these proceedings, respondent moved for summary judgment on the section 2-1401 petition and supported her motion with her own affidavit. The affidavit discussed the loan between respondent and her son, along with events leading up to the Agreed Judgment. The trial court initially granted the summary judgment motion, but reversed its decision upon petitioner's motion to reconsider, concluding a genuine issue existed. Petitioner moved for sanctions against respondent, arguing an affidavit contained false statements and was filed in bad faith. In its September 9, 2016, ruling, the trial court denied petitioner's motion for sanctions after rejecting this argument.

¶ 34    We decline to address whether the trial court should have struck the affidavit. We only address the issue of whether the trial court should have sanctioned respondent. The trial court denied respondent's motion for summary judgment, and because of the denial, the issue of whether the affidavit should have been struck is moot. *Wellman*, 174 Ill. 2d at 353. Additionally, petitioner admits he suffered no prejudice, given the motion's denial. However, petitioner claims sanctions are still warranted and the trial court erred when it declined to impose them. Whether or not a trial court should have imposed sanctions is reviewed under an abuse of discretion. *Chicago Title & Trust Co. v. Anderson*, 177 Ill. App. 3d 615, 625 (1988).

¶ 35    Upon review, we find no abuse of discretion by the trial court in denying petitioner's motion for sanctions. In denying the motion for sanctions, the trial court found no intent to deceive on the part of respondent. The trial court noted, and petitioner admits, that petitioner suffered no prejudice for the filing because the summary judgment motion was denied and the respondent did not rely on the affidavit at the evidentiary hearing. The trial court noted that the affidavit discussed events that took place seven years before the affidavit was filed. In the interim, respondent's attorney, believing the matter concluded, destroyed her file, so respondent had to review the materials she had kept from 2006. While acknowledging that the affidavit was not artfully written, the trial court concluded that there was no attempt to deceive

on the part of the respondent or her attorney. Given this record and reasoning, we find no abuse of discretion on the part of the trial court and affirm the denial of petitioner's motion for sanctions.

¶ 36                                                    CONCLUSION

¶ 37          For the reasons stated, the trial court's appealed orders are affirmed.

¶ 38          Affirmed.