**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190034-U

Order filed July 28, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| DONNIE A. OWENS, | ) | Will County, Illinois. |
| | ) | |
| Petitioner-Appellant, | ) | Appeal No. 3-19-0034 |
| | ) | Circuit No. 93-D-2595 |
| and | ) | |
| | ) | |
| NANCY OWENS n/k/a NANCY BLUM, | ) | Honorable |
| | ) | Domenica Ann Osterberger, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The granting of a motion to vacate an agreed order in proceedings to determine a father's child support arrearages was reversed because the mother did not show due diligence in filing the motion.

¶ 2     The petitioner former husband appealed from a trial court order granting the respondent former wife's petition for relief from judgment.

¶ 3                                        FACTS

¶ 4    The petitioner, Donnie Owens, and the respondent, Nancy Owens n/k/a Nancy Blum, were married in 1988 and a judgment of the dissolution of that marriage was entered in 1994. There was one child born of the marriage, on February 10, 1989. The judgment of dissolution granted Nancy sole custody of the child, and Donnie was granted visitation and ordered to pay $72 per week in child support. According to the judgment of dissolution, the parties were given the right to claim the exemption for the minor child on their state and federal income tax returns in alternating years.

¶ 5    On March 19, 2007, just after the child's 18th birthday, Donnie filed a motion to determine his child support arrearage. Also filed on that day was a request to admit that was served on Nancy on February 3, 2007. The request to admit contained six paragraphs and sought Nancy's admission that the parties agreed that Nancy would waive her right to child support and instead would claim the exemption for the child every year, and that the financial benefit of the exemption exceeded Donnie's child support obligation. Nancy responded to the request to admit, denying all requests other than the fact that she did take the tax exemption every year. The response was filed with the court on March 27, 2007, by Assistant Attorney General Brian Moore, on behalf of Nancy and the intervenor, the Illinois Department of Healthcare and Family Services, but it was not signed.

¶ 6    At a hearing regarding the request to admit on April 23, 2007, Moore argued that he did not learn of the request to admit until he was in court on March 19, 2007. Moore requested additional time to respond at that time. Moore filed the unsigned response dated March 27, 2007, and he also mailed a signed amended response to Donnie's attorney, Jeffrey McCarthy, with a proof of service dated April 9, 2007. According to the transcript of the hearing, McCarthy admitted receipt of the amended response, but argued that it was untimely and the facts should be admitted. The trial court set the case over for status to review the caselaw tendered by McCarthy and determine if it had the discretion to accept the untimely response. The trial court issued its order

2

on May 25, 2007, finding that it had discretion to accept the untimely response, and granting Nancy leave to file her response. In that order, the trial court noted that requesting admission of a legal conclusion was inappropriate and would not be considered by the court in determining the amounts of child support owed, the amount of arrearages, or whether the parties had an unenforceable agreement to waive support obligations without judicial approval.

¶ 7    Thereafter, Donnie filed a petition for rule to show cause on October 29, 2007, seeking to hold Nancy in indirect civil contempt for refusing to allow Donnie visitation with the child when the child was a minor and for taking the tax exemption every year rather than in alternating years. The hearing on the motion to determine Donnie's arrearage and the petition for rule to show cause was held on April 29, 2009. At that time, Nancy was represented by Patricia Flynn of Chuck Bretz and Associates. The parties disputed the effect of the unsigned response to the request to admit, the only version that was filed with the trial court. Flynn noted that she was not on the case at that time, and she did know what was in Moore's file regarding the case. The trial court stated that Moore was home sick that day and unavailable to come into court and clear up the confusion.

¶ 8    The trial court initially noted that the request to admit would be controlling because it was not complied with, although the court repeated that it was not a final ruling. The parties then requested a recess and reached an agreement. When the parties returned to the court, the trial court acknowledged the agreement of the parties but went on to state that the request to admit would not control because it largely contained legal conclusions, not facts. The trial court pointed to the prior ruling that held that the amount of outstanding child support was a legal conclusion, not subject to a request to admit. The trial court went on to accept the parties' agreement, noting that it did not find the claimed $40,000 in arrearages to be reasonable and that it was a problem for Nancy that

she took the exemption every year. Relevant to this appeal, the agreed order set Donnie's arrearages at $0 and discharged the rule to show cause.

¶ 9       On March 18, 2010, Nancy filed a petition to vacate, contending that an amended response to the request to admit had been located, and it had been signed and timely served on Donnie's counsel on April 9, 2007. Nancy contended that the trial court's decision of April 29, 2009, was based upon erroneous information and that Nancy would not have entered the agreed order if the request to admit had not been deemed admitted.

¶ 10      On October 6, 2010, Donnie filed a motion to deem facts admitted and for partial summary judgment. Donnie argued that the amended response was never verified by Nancy, although he does not challenge that it was served, and it was not filed with the court. Donnie argues that the facts alleged in the request to admit should be deemed admitted and that he was entitled to summary judgment dismissing Nancy's petition to vacate based upon the amended response to the request to admit. In response, Nancy filed the amended response with the court, along with a certification page signed by Nancy and dated November 15, 2010. The trial court denied the motion for partial summary judgment and instructed the parties to prepare for a hearing on the motion to vacate. However, in a continuation of the litigious nature of the postdecree relationship of these parties, between the date the trial court denied the motion for summary judgment and the hearing on the motion to vacate, eight years lapsed. During which time the parties barraged each other with various pleadings including at least seven emergency motions, two motions for rule to show cause, three motions for sanctions, four motions to strike pleadings, one withdrawal of counsel and numerous motions to continue. After the trial court finally addressed all of these matters, a hearing on the motion to vacate finally commenced on March 28, 2018.

4

¶ 11      After a hearing, the trial court concluded that Nancy's counsel, Flynn, exercised due diligence in filing of the section 2-1401 petition and did not lack due diligence in failing to be aware of the signed amended answer to the request to admit sent by Moore to McCarthy. The trial court also found a meritorious defense in that Flynn testified that she would not have entered the agreed order on Nancy's behalf had she known that the answer was served. Although the trial court noted on April 29, 2009, after a recess, that the request to admit largely sought legal conclusions, that court viewed the purported value of the tax exemptions as alleged in the request to admit and admonished Nancy that, absent settlement, the tax issue would come back to haunt her. In granting the motion to vacate, the trial court found that the prior trial court's post-recess comments would not have triggered Flynn to disavow the just-agreed order.

¶ 12      Donnie filed a motion to reconsider, which was denied, and Donnie appealed.

¶ 13      ANALYSIS

¶ 14      Donnie argues that the trial court erred in granting Nancy's motion to vacate because Nancy failed to comply with the procedural requirements of section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). Also, Donnie contends that the trial court abused its discretion in granting the motion to vacate because Nancy did not show due diligence in preparing for the original hearing or in the filing of the motion to vacate. Nancy contends that the trial court did not abuse its discretion in granting her motion to vacate.

¶ 15      Nancy filed a motion for relief from judgment pursuant to section 2-1401 of the Code. That section provides for relief from final judgments that are more than 30 days old. 735 ILCS 5/2-1401(a) (West 2010). To be entitled to relief under section 2-1401 of the Code, a petitioner must show by a preponderance of the evidence that she has a meritorious defense or claim, exercised due diligence in presenting this defense or claim to the trial court, and exercised due diligence in

filing the section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). It is within the discretion of the trial court to determine whether a section 2-1401 petition should be granted. *McGinley Partners, LLC v. Royalty Properties, LLC*, 2018 IL App (1st) 172976, ¶ 27.

¶ 16        Donnie contends that Nancy's section 2-1401 petition was deficient because it was not signed nor verified by Nancy, nor was there an affidavit signed by Nancy. Section 2-1401 requires the petition to be "supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2010). The petition was certified by Flynn and it was supported by the Amended Response to request to admit, which was signed by Nancy; a proof of service of that amended response, signed by Moore; and Moore's affidavit. We find that the petition was sufficient and was properly considered by the trial court.

¶ 17        Donnie argues that the trial court abused its discretion in granting the motion. Donnie contends that Flynn did not exercise due diligence in preparing for the original hearing when she reviewed matters of child support and exemptions but did not determine the current state of the request to admit. We find that the trial court did not abuse its discretion in finding due diligence by Flynn in the trial court. Flynn testified that she reviewed the record prior to appearing for the first time on the case, focusing on child support and exemptions, which were the subjects of the two pending motions. Since there was a response to the request to admit contained in the record and Flynn had a copy signed by Nancy in her file, Flynn acted reasonably under the circumstances. See *Smith*, 114 Ill. 2d at 222 ("the petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment.").

¶ 18        Donnie also argues a lack of due diligence in the 11-month time frame from the entry of the judgment to the filing of the motion to vacate. The trial court found that, during those 11

months, Flynn reviewed her file, consulted with co-counsel, and met with Moore. Flynn also conducted legal research and attempted to obtain transcripts from prior hearings. Flynn testified that she acted with due diligence and filed the motion to vacate after acquiring all the necessary facts. There is no bright-line rule for judging whether a petitioner acted with due diligence; rather, due diligence is judged by the reasonableness of the petitioner's conduct and the circumstances of the delay. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99-100 (2006). In *Paul*, a delay of six months, while gathering the necessary facts, was found to be an exercise of due diligence. *Id.*; but see *In re Marriage of Delk*, 281 Ill. App. 3d 303, 308 (1996) (Eight-month delay after learning of facts supporting section 2-1401 petition did not show due diligence). In this case, Flynn testified to the process that she followed in uncovering the procedural irregularities with the response to the request to admit and testified that she exercised due diligence in filing the motion as soon as she uncovered the relevant facts. However, Flynn was aware of the discrepancy in the responses to the request to admit by April 2009, at the latest, and Moore was the obvious person to clear up the confusion. An exercise of due diligence would require contacting Moore immediately following the hearing, or within a short time frame, and filing the motion to vacate soon after that. While it is understandable that Flynn could not recall exact dates or time frames at the hearing on the motion, since the hearing did not take place until eight years later, it was still the movant's burden to show sufficient facts by a preponderance of the evidence that due diligence was exercised in filing the motion. We find that the trial court abused its discretion in finding due diligence in the filing of the motion to vacate.

¶ 19     Since we have found that the trial court abused its discretion in finding that Nancy exercised due diligence in filing the section 2-1401 petition, we need not address whether Nancy had a meritorious defense or claim to allow the setting aside of the agreed judgment.

¶ 20                              CONCLUSION

¶ 21        The judgment of the circuit court of Will County is reversed.

¶ 22        Reversed.